ROBERT FERGUS, Plaintiff in Error, *v.* LOUIS D. HOARD, Defendant in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

A clerk of the circuit court is authorized to administer an oath to a party making affidavit upon which to found a *ca. sa.*

Where an affidavit upon which a *ca. sa.* issues, states that the defendant has refused and still refuses to surrender his estate, lands, etc., for the satisfaction of an execution, it is a sufficient compliance with the statute, and it need not appear that a personal demand was made of the defendant by the sheriff, for the surrender of property.

The declaration upon a bail-bond need not aver the truth of such an affidavit, or that the defendant had property which he refused to surrender. Those are facts which cannot be inquired into in this collateral action.

It is not necessary to state, in an affidavit to obtain a *ca. sa.*, that a personal demand was made of the defendant in execution, to surrender his property for the satisfaction of the execution.

It is as much a refusal of the defendant to surrender his estate, for him to absent himself so that a personal demand cannot be made of him, and to remove his property so that it cannot be seized to satisfy the execution, as it would be if a personal demand had been made, and the defendant had directly refused to surrender his property.

It is not necessary in such an affidavit to state that the defendant had property which he refused to surrender, that fact being implied in the statement, that he refused to surrender his property.

In such case, if the affiant did not know or believe that the defendant had property, somewhere, which he withheld, he would be guilty of perjury in swearing that the defendant refused to surrender his property. .

THE declaration avers " the issuing of a *capias ad respondendum* in favor of Robert Fergus, the plaintiff, against the defendant, Henry K. Davis, from the clerk's office of the Cook County Court, of Cook County, on the 20th day of August, 1849, directed to the sheriff of Cook County, setting out the substance of the writ."

That the clerk indorsed the said writ for $122\frac{50}{100}$ bail.

That the writ so indorsed was, on the 20th of August, 1849, delivered to the sheriff to execute.

That the writ was served on the 20th of August, 1849, by taking the body of Henry K. Davis, and holding the said Davis in custody.

That the sheriff took bail on the 20th of August, 1849, for the appearance of Davis, at the return day of the writ, according to the form of statute, &c.

That on that occasion, L. D. Hoard and George L. Seymore

were taken as bail and sureties for said Davis, with the said Davis.

The declaration then sets out the bail-bond, which is in due form. And then avers that the said Fergus recovered judgment against Davis, in same action, on the 6th of October, 1849, for $136.64 and costs.

That afterwards, to wit, on the 15th of March, 1852, upon affidavit being made that the said Henry K. Davis had refused to surrender his estate, lands, tenements, goods, and chattels for the satisfaction of an execution issued out of said court upon said judgment, as required by law, a *ca. sa.* was issued out of the Cook county court of common pleas, directed to William L. Church, sheriff of said county, by which he was commanded to take the said Henry K. Davis, if found in his county, &c., (in the usual form,) and that he should return the same on the 15th of June then next ensuing, which said writ was made returnable more than ten days after the same was issued, and delivered to the sheriff, &c., to whom it was directed.

That the said writ was duly delivered into the hands of said William L. Church, sheriff, as aforesaid, on the 31st of May, 1842.

That said writ was afterwards, on the 15th of June, 1852, duly returned by the said sheriff, with a return thereon indorsed, that " the within named Henry K. Davis not found in my county," to wit, that the said Henry K. Davis was not found in the county of said sheriff.

That Davis has not paid said costs and condemnation money of said court, to wit, the judgment aforesaid, nor have the defendants paid the same, nor has the said Henry K. Davis surrendered himself or been surrendered by Hoard and Seymore. By reason whereof, &c., (in the usual form,) an action hath accrued to the debt $245.00. Yet the said defendants, &c., (in the usual form,) to the damage of $200.

To this declaration the defendant filed a general demurrer. This demurrer was sustained by the court.

The plaintiff then obtained leave and amended his declaration by inserting the following averments.

That a *fi. fa.* was issued to sheriff of Cook, on said judgment against Davis, dated the 27th of October, 1849, returnable in ninety days, which was returned into the clerk's office, the 26th of February, with the indorsement thereon, " By virtue of the within execution, I have made diligent search in my county for property, and cannot find any to levy upon; therefore I return this execution wholly unsatisfied, this 26th day of January, 1850." Signed Isaac Cook, by Owen McCarty, deputy.

It also avers the issuing a like execution to the sheriff of McLean county. Returned *nulla bona.* That afterwards the said plaintiff made the following affidavit : —

" State of Illinois, Cook County, ss.

Robert Fergus being duly sworn, deposes and says, that on the 25th day of October, a. d. 1849, he recovered a judgment against Henry K. Davis, in the Cook county court of common pleas, in and for said county and State, for the sum of one hundred and thirty-six $\frac{64}{100}$ dollars, besides costs of said suit; and this defendant further says, that the said defendant, Henry K. Davis, has refused to surrender his estate, lands and tenements, goods and chattels, for the satisfaction of an execution issued out of said court upon said judgment, and still doth refuse and neglect to make said surrender. (Signed) Robert Fergus. Signed and subscribed to before Walter Kimball, clerk of the said court, on the 15th day of November, a. d. 1851."

That said affidavit was duly filed with the clerk of said court, in which said judgment was rendered, and for which said execution was issued on the 15th of November, 1851.

To the declaration thus amended, the defendant filed a demurrer, assigning the following causes.

1st. That the declaration does not aver a refusal on the part of defendant, to surrender his lands, tenements, goods, or chattels, in satisfaction of judgment.

2d. That declaration shows no sufficient affidavit to make it lawful for clerk to issue *ca. sa.*

3d. That the declaration shows that the *ca. sa.* therein averred to have been issued, was illegally or improperly issued.

4th. That the declaration contains no averment that the *ca. sa.* therein averred to have been issued, was issued in conformity to law.

5th. That said declaration is, in other respects, argumentative, informal, and bad.

The court sustained this demurrer, and gave judgment against plaintiff for costs.

This cause was heard before J. M. WILSON, Judge, at February term, 1854, of Cook County Court of Common Pleas.

H. B. HURD, for plaintiff in error.

H. F. WAITE, for defendant in error.

CATON, J. We think the court erred in sustaining the demurrer to the declaration. It is first objected, that the affidavit

upon which the *ca. sa.* issued, was sworn to before the clerk, by whom the writ was issued, instead of a justice of the peace, as provided in section 1, ch. 52, R. S. The objection is answered by section 3, ch. 76, R. S., which expressly authorizes clerks " to administer oaths or affirmations to witnesses and others concerning any thing pending or proceeding, commenced or to be commenced before them." This provision abundantly authorized the clerk to administer this oath.

The important question in the case is, whether this *ca. sa.* was issued in a case authorized by the constitution and the law. The new constitution is a literal copy of the old, in relation to imprisonment for debt, and the statute passed under the old constitution, not being affected by the new, is still in force, and is to control the case, the same as if the old constitution were still in force. This is the provision of the constitution : " No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud." The first section of 'the fifty-second chapter, R. S., provides that, " whenever any debtor shall refuse to surrender his or her estate, lands, tenements, goods, or chattels, for the satisfaction of any execution which may be issued against the property of any such debtor, it shall or may be lawful for the plaintiff in such execution, or his attorney or agent, to make affidavit of such fact before any justice of the peace of the county ; and upon filing such affidavit with the clerk of the court from which the execution issued, or with the justice of the peace who issued such execution, it shall be lawful for such clerk or justice of the peace, as the case may be, to issue a *ca. sa.* against the body of such defendant in execution."

The eighth section of the fourteenth chapter, R. S., provides that, " Hereafter no suit shall be commenced upon any bail-bond or recognizance of bail, in any civil action, until a *capias ad satisfaciendum* shall have issued against the defendant in the original action, directed to the sheriff of the county in which such defendant was arrested, and such sheriff shall have returned that said defendant was not found in his county." That was done in this case.

It can hardly be insisted that in these provisions, the legislature violated the immunity from arrest, secured to the debtor by the constitution. It provides for his arrest in the precise case, the exact contingency, permitted by the constitution. It merely prescribes the mode of proceeding in such case, and that was necessarily left to the discretion of the legislature. No other

power existed in the State, capable of determining in what way the facts should be determined, upon the existence of which the constitution permitted the arrest and imprisonment.

The affidavit upon which the *ca. sa.* was issued, after stating the recovery of the judgment, proceeds, " and this deponent further says, that the said defendant, Henry K. Davis, has refused to surrender his estate, lands and tenements, goods and chattels, for the satisfaction of an execution issued out of said court upon said judgment, and still doth neglect and refuse to make said surrender." This affidavit is certainly in literal conformity to the statute. It makes the precise statements which the statute says shall be made in the affidavit. But it is insisted that we should construe the law to require something more than this literal conformity; that the affidavit should show that a personal demand was made by the sheriff of the defendant, for the surrender of his property for the satisfaction of the execution. We are satisfied that this should not be required to be stated in the affidavit, and that such need not, in fact, have been the case. To hold a personal demand of the debtor necessary, would be to reward the bail for the violation of his duty, in allowing the defendant to escape, so that a personal demand could not be made; with a perfect immunity from all liability upon his bond, the very object and condition of which was that he should not escape, but should be produced when required. We hold it to be as much a refusal to surrender his estate, for him to absent himself so that a personal demand cannot be made of him, and to remove or conceal his property, so that it cannot be seized to satisfy the execution, as if a personal demand were made, and he had directly refused to surrender his property. There is much more in the objection, that the affidavit does not state positively and directly, that the defendant had property which he refused to surrender. If it be but an inference from the positive statements of the affidavit, that the defendant had property which he could surrender, and which he refused to surrender, it is an inference of the strongest possible character. Indeed, unless such was the fact, the statements of the affidavit cannot be true, and we are now prepared to hold, that if the party, when he made that affidavit, did not know or believe that the defendant had property which was in some way withheld from the satisfaction of the judgment, that he knowingly swore to a falsehood, and was guilty of perjury. We do not wish to be understood as saying that he must have known or believed that the defendant had property in the county, or even in the State, for under such a rule, his release upon bail might enable him to avoid the payment of the debt alto-

gether, by removing his effects without the State. The party should be held justified in making the affidavit, and procuring the *ca. sa.*, and thus fix the liability of the bail upon the non-production of the defendant, if he has property anywhere, with which he could satisfy the execution in whole or in part. As the affidavit complies with the requirements of the statute, and is not inconsistent with the provisions of the constitution, we hold it to be sufficient, and that it justified the issuing of the *ca. sa.* This necessarily fixed the liability of the bail, if he did not comply with the condition of the bond, and deliver the defendant's body in execution, when thus required by the exigencies of the final writ. It was not necessary that the declaration upon the bail-bond should aver that the statements in the affidavit upon which the writ issued were true, or that the defendant had property which he refused to surrender. These are facts which cannot be inquired into in this collateral action. They were determined and settled in the other suit when a case was made which justified the emanation of the *ca. sa.* Independent of the general principles of law which would preclude an inquiry into such antecedent proceedings in the other suit, this construction is clearly contemplated by the eighth section of the fourteenth chapter, R. S., already referred to. We are of opinion that the declaration showed a good cause of action, and that the judgment of the common pleas should be reversed, and the cause remanded.

SCATES, J., dissents.

*Judgment reversed.*