## CLEMENTZ HORAT *et al.*

*v.*

## GEORGE JACKEL, for the use of George Meissel, and SAME

*v.*

## SAME, for the use of Henry Vetter.

1. GARNISHMENT—*affidavit, before whom sworn to.* In a garnishee proceeding upon a judgment of the circuit court, it is not necessary that the affidavit, upon which the process is issued, be sworn to before the clerk of the court, but the same may be properly subscribed and sworn to before a justice of the peace.

2. SAME—*when final judgment may be rendered—act of* 1861. In such a proceeding, upon default of the garnishee, it is error to render final judgment against him at the return term of the writ. A conditional judgment only should be entered, and a *scire facias* issued against the garnishee, returnable to the next term of the court, to show cause why the judgment should not be made final. The act of February 22, 1861, has not altered the practice in this respect.

WRITS OF ERROR to the Circuit Court of Madison county.

These were garnishee proceedings, commenced by George Miessel and Henry Vetter, against Clementz Horat and others, upon judgments obtained by them in the circuit court of Madison county against George Jackel, and on which executions had been issued, and returned no property found. The defendants failing to appear at the return term of the writ, their default was entered and final judgment rendered against them, to reverse which judgment they bring the record to this court.

Messrs. L. & L. DAVIS, for the plaintiffs in error.

Mr. J. H. YAGER, for the defendants in error.

Per CURIAM : These were garnishee proceedings upon judgments, upon which executions had been issued, and returned "no property found."

The first objection taken to the proceedings is, that the affidavits upon which the garnishee process was sued out, were sworn to before a justice of the peace, instead of before the clerk of the circuit court, as required by the statute.

A similar objection was taken in *Fergus* v. *Hoard,* 15 Ill. 357, that the affidavit upon which the *ca. sa.* had issued in that case, was sworn to before the clerk of the court, by whom the writ had been issued, instead of a justice of the peace, as provided in section 1, ch. 52 R. S. ; and the court said, the objection was answered by section 3, ch. 76 R. S., which expressly authorized clerks "to administer oaths or affirmations to witnesses and others, concerning anything pending, or proceeding commenced or to be commenced before them ;" that this provision authorized the clerk to administer the oath.

The same answer may be made to the present objection, that a subsequent clause of the same section expressly authorizes all justices of the peace "to take affidavits and depositions concerning any matter or thing, process or proceeding, depending, or to be commenced in any court, or before any justice of

the peace, or on any occasion wherein such affidavits or depositions are authorized or required by law to be taken." This provision authorized the justice of the peace to take the affidavit. Another error assigned is, in rendering final judgment against the plaintiffs in error, at the return term of the garnishee summons.

The statute under which these proceedings were had, provides, that the garnishee shall be examined and proceeded against in the same manner as required by law against garnishees in original attachments. The attachment law provides, in case the garnishee shall fail to appear and make discovery, a conditional judgment shall be entered against him, and a *scire facias* shall be issued against him, returnable to the next term of the court, to show cause why the judgment should not be made final.

Only a conditional judgment should have been rendered against the garnishees at the return term, and it was erroneous to enter a final judgment against them at that term.

The act of February 22, 1861, has not, as is contended, altered the practice in this respect.

The only change it makes in the previous law is, that the garnishee process may be taken out in vacation, making it returnable like other process, and providing that no judgment by default shall be rendered, unless the process shall have been served ten days before the return day.

The judgment is reversed and the cause remanded.

*Judgment reversed.*