ANDREW JOHNSON

*v.*

CHRISTOPHER ADLEMAN.

|35 |265|
|197| 7 83|

1. PRACTICE — *Action of the court as to its rules of practice — the case of Owens* v. *Ranstead*, 22 Ill. 161, *commented on.* The ruling in *Owens* v. *Ranstead* as to the necessity of rules of practice being entered of record, was not designed to apply to motions, of course, made in the progress of a cause. No general rules can well apply to them.

2. It is not error in a circuit court to entertain a motion made orally, to strike a plea from the files, or for leave to file a demurrer, although by a standing rule of the same court, entered of record, all motions were required to be in writing, as well as the reasons therefor.

3. SAME — *of the mode of questioning a plea which amounts to the general issue, or which is not a plea in the action.* Where a special plea, asserting a homestead right, is interposed in an action of ejectment, it having no proper place in the action, it is a matter of indifference whether the court entertains a motion to strike out such plea, or sustains a demurrer to it.

4. PLEADING *in ejectment — special plea of homestead.* A special plea, asserting a homestead right in the premises, by the defendant, has no proper place in an action of ejectment.

5. HOMESTEAD RIGHT — *how asserted in ejectment.* If the defendant in an action of ejectment, wishes to assert a homestead right in the premises, he may show it under the plea of not guilty.

6. SHERIFF'S DEED — *must be supported by the judgment and execution, and the return thereon.* A judgment was rendered in favor of *Jacob* Helbig, an execution issued thereon, and the sheriff's return showed a sale of land to the *plaintiff.* The sheriff made a deed to *Christopher Adleman*, which recited a judgment in favor of *John* Helbig. There was not that conformity which the law requires to support the sheriff's deed.

7.  There should be entire conformity in the return of the sheriff, his certificate and deed, and if they do not possess it they will be held invalid.

8.  Here the property was struck off to the plaintiff in the execution, Jacob Helbig. The deed should have been made to him. But it was made to Adleman. That was not conformity.

9.  As to the recital in the deed of a judgment in favor of *John* Helbig, when it was really in favor of *Jacob* Helbig, if there had been proof that no other judgment existed of the description in other respects, than the one in favor of Jacob Helbig, on the records of the court in which the judgment was recited to have been rendered, the recital would have been considered as a mistake, and not vitiating the deed.

10.  PRACTICE— *when the specific objection must be made to evidence.* On error it was objected that a sheriff's deed, admitted in evidence in an action of ejectment, was not under seal; but the objection was not available because the party did not object to its going in evidence on the trial below on that account, but for other reasons.

11.  AMENDMENT— *of a sheriff's return on an execution.* Where a party in ejectment wishes to rely upon a sheriff's deed which does not conform to the return of the sheriff on the execution with respect to the person to whom the premises were sold, the return may be amended in that regard according to the fact.

APPEAL from the Circuit Court of Will county; the Hon. SIDNEY W. HARRIS, Judge, presiding.

This was an action of ejectment commenced in the court below by Christopher Adleman against Andrew Johnson, for the recovery of the southeast quarter of lot number three, in block number seventy-one, in the town of Lockport, in Will county, to which the plaintiff claimed title in fee simple.

The defendant pleaded, *first,* the general issue; and *second,* a special plea, asserting a homestead right in the premises.

After the jury was impanneled and sworn, the plaintiff entered his motion to strike the defendant's second plea from the files, upon the ground that the statute prescribes the form of pleading in the action of ejectment, and that this plea amounts to the general issue. The defendant objected to the motion being entertained, and, in support of his objection, cited the following rule, adopted by the Circuit Court on the 18th day of May, 1863:

"And now, on this day, it is ordered by the court that all "motions in all cases on the criminal, law, and chancery

" dockets, except motions for continuance, be made in writing
" and filed in said causes at least one day before they shall be
" heard, and that said motions shall contain the points upon
" which the party relies in support of his motion so filed."

But the court overruled the defendant's objection and enter-
tained the motion, to which ruling the defendant excepted.
Upon consideration of the motion, the court overruled the
same; and thereupon the plaintiff entered his motion for
leave to file a demurrer to said second plea. The defendant
also objected to this motion being entertained under the rule
of court already cited. The court overruled the defendant's
objection, and allowed the demurrer to be filed, to which the
defendant excepted. The demurrer, upon being considered by
the court, was sustained, and the defendant abided by his said
second plea.

The cause then proceeded to trial upon the issue formed
upon the first plea.

The plaintiff introduced in evidence the following entry of
record in a suit in the Circuit Court of Will county:

"MONDAY, *March* 12, A. D. 1860.

"JACOB HELBIG for the use of ALBERT
 " READIE, assignee,
  " *v.*
 " ANDREW JOHNSON.
     } *Sci. fa.* to foreclose mortgage.

"And now, at this day, comes said defendant by G. A.
" Tucker his attorney, on whose motion it is ordered by the
" court that the rule to plead heretofore entered herein be and
" is extended until next Wednesday morning."

*George H. Ward* then testified, that he was deputy clerk of
the said Circuit Court, and being shown a mortgage, stated
that it was one of the original papers on file in said suit. This
mortgage was executed on the 7th of December, 1858, by
Andrew Johnson to Jacob Helbig, upon the premises in con-
troversy, to secure the payment of $600. The plaintiff then
read in evidence an entry of record in said suit for foreclosure,
entitled as follows:

"FRIDAY, June 8th, 1860.

"JACOB HELBIG, for the use of ALBERT
        READI, assignee,
                *v.*
        ANDREW JOHNSON."

*Sci. fa.* to foreclose mortgage."

Then followed the order of the court, entering a default against the defendant therein; a reference to the clerk to assess the damages; final judgment upon the assessment, and an order for a sale of the property.

On the 20th of June, 1860, an execution was issued out of the Circuit Court of Will county, commanding the sheriff of that county, of the premises in question, that he cause to be made the sum of "six hundred and fifty-four dollars which Jacob Helbig, for the use of Albert Readi, plaintiff, lately in the Circuit Court of said Will county, at a term thereof, begun and held at Joliet, in said Will county, on the third Monday of May, A. D. 1860, recovered," &c. Upon which the sheriff made the following return:

"I return this execution satisfied in full by sale of the prop-
"erty within described to *plff.* Receipt herewith attached.
"Debt and cost upon back of Execution,............$667 55
"Interest,........................................   3 62
                                                   _____
                                                   671 27
"Printer's fee,...................................   3 50
"Sheriff's fees and Clerk's fees recording sale,........  13 77
                                                   _____
"Fees paid by John Adleman,.....................$688 54
                                A. LEACH, *Sheriff.*"

The execution and return were read in evidence. The plaintiff then offered in evidence a sheriff's deed for the premises in controversy, which recited a judgment in favor of *John* Helbig, for the use of Albert Readi, entered at the May Term, 1860, of the Circuit Court of Will county, against Andrew Johnson, for $654, and costs of suit; that execution issued thereon, June 20th, 1860, to the sheriff of Will county, who, by virtue thereof, levied upon the premises mentioned,

and that the same were struck off and sold to *Christopher Adleman*; and then conveys the premises to Christopher Adleman ; but the deed was not under seal.

The defendant objected to the reading of this deed in evidence, upon the ground, among others, that it described a different judgment and execution from those introduced in evidence by the plaintiff; no specific objection being made to the deed for the want of a seal.

The court overruled the objection, and permitted the deed to be read in evidence. The deed was dated on the 18th of October, 1861, and was duly ackowledged and recorded. Exceptions were taken by the defendant to all the evidence offered by the plaintiff.

The foregoing was all the evidence introduced in the case. The court thereupon instructed the jury on behalf of the plaintiff, that

" In order to maintain this action, it is not necessary for the " plaintiff to prove a demand for possession prior to the bring- " ing of this suit."

On behalf of the defendant the court gave the following instructions, numbered one and two, with the qualifications thereto annexed :

1.  " The plaintiff, if he recover at all in this case, must " recover upon his own title, and that title must be shown by " the evidence in the case to be a fee simple title in the said " plaintiff, as set out and claimed in his declaration, and unless " the jury believe from the evidence, that the plaintiff has " proven by the evidence in the case that he has such fee " simple title in the premises described in his declaration, the " law is for the defendant, and the plaintiff is not entitled to " recover."

Subject to the following qualification asked by the plaintiff:

" But if from the evidence the jury believe that the plain- " tiff's title is derived from an original mortgage from Andrew " Johnson to Jacob Helbig, in which the said defendant con- " veyed the premises to the mortgagee as his said Johnson's " property, then the defendant is estopped from denying the

"legal force and effect of that mortgage and the nature and "character of the title thereby conveyed."

2.  " The sheriff's deed introduced in evidence by the plain-"tiff in this suit, is an important and necessary muniment of "title in said plaintiff to the premises in question, and unless "the jury believe from the evidence that the plaintiff has "shown the existence of such a judgment, execution, levy and "sale as that described in said deed, the law is for the defend-"ant, and the plaintiff is not entitled to recover."

With this qualification:

"But the plaintiff is not bound by the recital in the deed, "and if, notwithstanding a discrepancy in one or more particu-"lars of the description of the judgment contained in the deed, "upon the whole evidence the jury believe the judgment to "be the same, the law on that point is for the plaintiff."

The following instructions, numbered 3, 4 and 5, were given for the defendant:

3.  " The sheriff's deed, introduced in evidence by the plain-"tiff in this suit, is of itself evidence that the judgment and "execution in said deed described was the judgment and execu-"tion under and by virtue of which the sale in said deed set "forth and described was made, and said plaintiff is bound by "such evidence so introduced by him, and the jury are to be "governed by such evidence so introduced to them, in forming "and making up their verdict, and unless the jury believe from "the evidence that the plaintiff has shown and proven such "judgment and execution so described in said deed to have "been in existence, and that a levy and sale was made under "and in pursuance thereof, the law is for the defendant and the "plaintiff is not entitled to recover."

4.  "Unless the jury believe from the evidence that the "plaintiff has shown a fee simple title to the land in question, "in himself, and that the defendant withheld from said plaintiff "the possession thereof at the time of the commencement of "this suit, the law is for the defendant and the plaintiff is not "entitled to recover."

5.  " A sheriff's deed, in order to be allowed as evidence,

"that the provisions of the law in relation to sales of lands "upon executions were complied with, must contain a state-"ment of the judgment upon which the land therein was sold, "and if the judgment recited in the sheriff's deed here intro-"duced is a different judgment from that recited in the execu-"tion, and upon which the said land was sold, then the law is "for the defendant and plaintiff cannot found title upon the "sheriff's deed."

The 6th instruction asked by defendant was refused; it is as follows:

6.   "The name of the parties in the judgment recited in the "sheriff's deed is conclusive evidence of the judgment upon "which the land was sold, and if the jury believe from the "evidence that the judgment recited in the sheriff's deed "differs from the judgment set forth in the execution upon "which the land was sold, in this, that it sets forth a judgment "of different parties, either plaintiff or defendant, then the "law is for the defendant and the plaintiff cannot recover upon "that deed."

The defendant excepted to the giving of the instruction for the plaintiff, to the qualifications to the 1st and 2d, and the refusal to give the 6th asked by himself.

The jury returned a verdict for the plaintiff.   The defendant entered his motion for a new trial, which was refused, and judgment was entered upon the verdict.   The defendant brings the case to this court by appeal.   The questions presented under the assignment of errors, are, *first,* whether the Circuit Court erred in its action upon the motions of the plaintiff to strike the defendant's second plea from the files, and for leave to file a demurrer thereto; *second,* whether the sheriff's deed given in evidence was sufficiently supported by the judgment and execution; *third,* whether the special plea, asserting a right of homestead in the defendant, was a proper plea in the case; and *fourth,* whether the objection to the sheriff's deed for want of a seal can prevail in this court, that specific objection not having been made in the court below.

Mr. URI OSGOOD, for the appellant, insisted that the court below erred in entertaining the plaintiff's motions to strike the defendant's second plea from the files, and for leave to file a demurrer thereto : 1st, because neither of said motions, nor any reasons therefor, was reduced to writing, as required by the rule of the court mentioned, and cited the case of *Owens* v. *Ranstead*, 22 Ill. 161; 2d, because, independently of the requirements of that rule, it was irregular and improper to entertain the motions, or to consider the demurrer after the jury were impanneled and sworn to try the cause.

11. There is not that conformity in the judgment, execution, the return thereon, and the sheriff's deed, which the law requires : 1st. It will be seen that the first record produced and read by the plaintiff bore date on the 12th of March, 1860.

The execution read in evidence describes a judgment rendered at a term of court began and held at Joliet in said Will county on the 3d Monday of May, A. D. 1860.

There is no evidence that the execution introduced in evidence by plaintiff below, was issued on, or for the collection of the judgment introduced and read in evidence. That judgment was rendered June 8th, 1860, as shown by the record. The execution was issued, as shown upon its face, on and for the collection of a judgment rendered at a term of Will county Circuit Court, began and held on the 3d Monday of May, 1860, which was the 21st day of May, 1860. There is no evidence that the said judgment was rendered at said May Term of court, 1860. See 7 Conn. 6–8; 8 Iredell, 221.

The deed, it will be perceived, describes a judgment rendered in favor of *John* Helbig (not Jacob Helbig) for the use of Albert Readi, assignee, against Andrew Johnson, being a different judgment from the one described in the execution, and different from the judgment introduced in evidence by the plaintiff below.

It also discloses that *Christopher Adleman* is the grantee, and that he was the person who bid off the property at the sheriff's sale in said deed described. The sheriff's official

return to the execution read in evidence on the trial shows that said execution was satisfied in full by sale of the property therein described to the plaintiff. The plaintiff in the judgment and execution read in evidence was *Jacob Helbig*, and the party for whose use the suit was prosecuted was Albert Readi. The execution read in evidence shows that *Jacob Helbig* was the plaintiff in the judgment on which it was issued, and the sheriff's return thereon shows that the plaintiff therein bid off the property sold under and by virtue of said execution.

The deed read in evidence shows that the plaintiff in the judgment *therein recited* was *John* Helbig, and that the purchaser at the sheriff's sale, under the execution therein described, was *Christopher Adleman*, and not the plaintiff in the execution. Can it be successfully contended that this paper, called a deed, was executed pursuant to a sale under an execution issued on the judgment of *Jacob* Helbig, read in evidence, when the deed upon its face shows a judgment in favor of *John* Helbig, an entirely different party from the one described in the judgment read in evidence? and that too, when the sheriff's return on the execution read in evidence shows a sale to the plaintiff in the execution, and the deed shows a sale to Christopher Adleman, an entire different person?

According to the evidence there must have been two different judgments, one in favor of *Jacob* Helbig, and the other in favor of *John* Helbig.

Before the plaintiff below could legally recover, he relying upon a sheriff's deed to make out his title, it was necessary for him to prove a valid judgment, an execution issued thereon, a levy and sale under the execution, and a deed corresponding with the judgment.

It cannot be successfully contended that this is a mere misrecital of the judgment in the deed, or a variance between the judgment and execution which will not vitiate. There is no misrecital or variance in this case. The judgment described in the deed is another and different judgment from that read in evidence and from that described in the execution read in evi-

dence. Our statute designates what a sheriff's deed shall contain and furnishes the form of such deed. Rev. S. 1845, p. 304, § 19. This section requires that the deed shall contain a statement of the judgment upon which the lands therein described were sold, and the date of the execution, and then follows the form.

The judgment read in evidence was rendered June 8th, 1860.

The execution was issued on a judgment rendered at a term of court commenced and held the 3d Monday of May (21st May), 1860, and there is no evidence showing that the judgment of June 8th was rendered at the May Term, 1860, of said court, nor can the court, in the absence of proof, presume that such was the fact. See the 'case of *Cutter* v. *Wadsworth*, 6 Conn. 6. In this case a judgment was rendered between the same parties at a term assigned by law on the 2d Tuesday of February, 1827, on which day the court commenced its session, and held until after the 4th Monday of the same month. Execution was issued counting on a judgment of the court held on the 4th Tuesday of February, 1827. The court say, in that case, "There was no such term of the Superior Court as the "execution counts upon; and if there had been, the process "would have been unauthorized, as the only judgment between "the parties was not only rendered at the term of the court "held on the second Tuesday of February, but ten days before "the fourth Tuesday, on which the rendition of the judgment "was affirmed in the execution to have been made." The court, in the same case, say, "Undoubtedly the execution in ques- "tion, unsupported by a judgment, is void. The sheriff was "under no legal obligation to enforce it; nor could he do it "without becoming a trespasser. If legal process is awarded "erroneously, it is a vindication of the officer who acts under "it, but if it issues without the authority of law it is utterly "void."

Not only was the execution read in evidence in the case, void (so far at least as the judgment read in evidence was concerned) but it was issued in favor of a different party as plaintiff from the party described as plaintiff in the judgment

set out in the (so called) sheriff's deed read in evidence. The judgment described in said sheriff's deed, is in favor of a different party from that introduced in evidence on the trial, and the purchaser of the property under the execution introduced in evidence was a different person from the one described in said deed. The purchaser at said sale under the execution, being the *plaintiff* therein as specified in the sheriff's return, and the purchaser under the execution described in said deed being *Christopher Adleman*, a stranger to the proceedings — said sheriff's deed (so called) not being founded on the judgment read in evidence and relied on by plaintiff below, it was improperly and illegally admitted to be read in evidence by the court, and the ruling of the court was clearly erroneous.

This is not like a case of a clerical mistake, which is amendable, nor of a defective return by the sheriff. The purchaser depends upon a valid judgment upon the levy and sale and his deed, when he makes his purchase, he is bound to know there is a valid subsisting judgment upon which the sale is based, otherwise his purchase is invalid and he takes nothing by his purchase or his deed.

In the case of *Williams* v. *Clayton et al.* 1 Scam. 503, the court uses the following language : " It will be perceived that " the deed recites a sale on an execution, made in an entirely " different cause, between different parties in an action at law, " and therefore there could be no relevancy between a title " acquired under the *fieri facias* set out in the deed and the one " offered in evidence under the decree. The point can admit of " no doubt. The objection, that, as the decree was evidence " conducive to prove the issue, it should have been left to the " jury, is inconclusive." And in the case of *Bybee* v. *Ashby*, 2 Gilm. 151, the court uses the following language : " The " general doctrine in regard to the sale of lands by a sheriff " is, that his deed is inadmissible in evidence unless the judg- " ment and execution, under which sale is made, be produced " to show the sheriff's authority to sell. The purchaser is " bound to inquire into the power and means by which the " property is subjected to sale, and will acquire no right to

" the land, where the sheriff sells without legal authority." In the case of *Davis* v. *McVicker,* 11 Ill. 327, the court say: " The grantee of a sheriff does not make out a title by the " mere production of the sheriff's deed. He must in addition " show a judgment and execution that authorized the sheriff " to make the sale and conveyance. The deed passes no title " unless it is based on a judgment and execution." In the case of *Dickerman et al.* v. *Burgess et al.,* 20 Ill. 266, the court, speaking of sheriff's sales, the return, certificate and deed, uses the following language: " We hold that there must be " entire conformity in all these proceedings, in the return, the " certificate and the deed, and if they do not possess it they " will be invalid." See also *Picket* v. *Hartsock,* 15 Ill. 279. In the case of *Palmer* v. *Palmer,* 2 Conn. 462, which was a judgment rendered in favor of a party in his representative capacity as administrator, an execution was issued in favor of the party in his private capacity as an individual, the court uses the following language: " It is an unquestionable rule " that an execution must pursue and be warranted by the judg- " ment to render it valid. Here is no judgment in favor of " the plaintiff in his private character, but only as adminis- " trator. The execution does not then pursue the judgment " and there is no judgment to warrant it."

There was no proof on the trial of the case that the defendant below was the defendant in the judgment and execution introduced in evidence. Without such proof the defendant was entitled to notice to quit, and it was incumbent on the plaintiff then to show a demand for possession. No notice to quit was proven and no demand for possession was shown, and hence the instruction of the plaintiff given by the court, that " it is " not necessary for the plaintiff to prove a demand for possession " prior to the bringing of suit," was erroneous.

The first and second instructions asked by defendant below and given by the court were undoubtedly correct and good law, and the qualifications to said instructions asked by plaintiff below and given by the court were improper and tended to mislead the jury.

The sixth instruction asked by the defendant below on the trial and refused by the court is undoubtedly the law as applicable to the case and should have been given, and the refusal of the court to give said instruction was unquestionably erroneous. Can there be any question that the sheriff's deed must correctly describe the judgment under which it is given, in so essential a matter as the names of the parties to the judgment? The names of the parties are an essential ingredient to constitute a good and valid judgment, and the names of parties in a judgment in all legal proceedings dependent upon the judgment must be correctly stated.

In addition to the above cited cases, the court is referred to the case of *Spangler* v. *Pugh*, 21 Ill. 85, in which the court uses the following language: " A distinction is, however, made " between matters of substance and matters of essential descrip- " tion. The former may be substantially proved, but the " latter must be proved with a degree of strictness extending in " some cases even to literal precision. No allegation descrip- " tive of the identity of that which is legally essential to the " claim can ever be rejected. And of this character are *names*, " sums, magnitudes, dates, durations and terms, which being " essential to the identity of the writing set forth must in gen- " eral be precisely proved." Also *Blanchard* v. *Blanchard*, 3 Ired. 105. This was an action of ejectment, and on the trial the lessor of the plaintiff, as a part of his title, produced a judgment in favor of Wm. McCurdy against Noah Blanchard, obtained before a justice of the peace, and a separate execution with subsequent legal proceedings in favor of Reuben Blanchard against Noah Blanchard. The court in that case says: "It is also " perfectly settled with us, that however an officer may be " protected in rendering obedience to an execution, although " unwarranted by a judgment, because he is not bound to look " behind his writ, *but* a purchaser under an execution sale must " show not only the execution, but a judgment which warrants " and sustains it. And this doctrine has been explicitly held in " cases of levies made by constables returned to court and sales " under writs of *venditioni* there awarded. *Ingraham* v. *Kirby*,

"2 Dev. and Bat. 21. Now, it cannot be pretended that an "execution in favor of B. is warranted by a judgment rendered in favor of A." It seems unnecessary to multiply authorities.

The cases relied on to sustain the judgment of the Circuit Court are cases where sales have been made in pursuance of valid judgments, but where variances and misrecitals have occurred in the amount of the debt, damages or costs, some or all of them in the issuing of executions and in subsequent proceedings under the same, and which are amendable. Such are the cases of *Durham et al.* v. *Heaton*, 28 Ill. 264; *Loomis* v. *Riley*, 24 id. 307; *Phillips et al.* v. *Coffee*, 17 id. 154; *Jackson* v. *Pratt*, 10 Johns. 381; *Jackson* v. *Walker*, 4 Wend. 463; *Borland* v. *Stewart*, id. 568; *Jennings* v. *Carter*, 2 id. 446, and many others of the same class. The doctrine contended for in these cases is not denied where it is applicable.

The evidence in the case, however, does not show that the sheriff's sale, pursuant to which the deed (so called) introduced in evidence was executed, was had under a subsisting judgment and execution (so far at least as this case is concerned), and there was no evidence to warrant the finding of the jury, and the verdict should have been set aside.

Mr. G. D. A. PARKS, for the appellee.

I. The misrecital of the judgment in the sheriff's deed in *one particular* (*the description being correct in other particulars, so as to leave no doubt of its identity*), does not vitiate the deed. *Phillips et al.* v. *Coffee*, 17 Ill. 154; *Loomis* v. *Riley*, 24 id. 307; *Durham et al.* v. *Heaton*, 28 id. 264; 10 Johns. 386; 4 Wend. 465, 480, 569; 2 id. 451; 18 Johns. 7; 5 Cow. 529; 9 id. 182.

To support the title given by a sheriff's deed, there must be a valid judgment and a valid execution. Of course it must be made to appear to the court, that the execution offered in evidence is the identical execution under which the sale was made, and that the judgment offered in evidence is the identical judgment upon which that execution was issued. If the description of the judgment in the deed is perfect in all

respects, no question can arise. But the sheriff in preparing the deed is liable to make a mistake in describing the several features of his authority. If it appears that *in point of fact* he possessed the requisite authority, does such a misrecital make his deed void?

The doctrine to be deduced from the decisions seems to be this, that if there is no doubt of the identity of the judgment referred to, a misrecital of the judgment on one or more particulars does not vitiate.

The mistake in the name does not differ from a mistake in any other feature by which the judgment is to be described.

Here there was no doubt of the identity of the judgment offered in evidence. None was pretended on the trial, or can be pretended here.

1. The surname of the nominal plaintiff was the same.

2. The name of the real or beneficial plaintiff is the same.

3. The name of the defendant is the same.

4. The description of the premises to be sold (it being a special execution) is the same.

5. The term of court is the same.

6. The character of the action is the same.

7. The amount of the judgment is the same.

8. The date of the execution issued on the judgment is the same.

The plaintiff, it will be observed, was a stranger to the judgment in question.

II. In the case of a special execution, a *levy* is unnecessary and absurd. The general object of a levy is to make an execution operative upon certain specific property of the defendant. But here the judgment itself is *in rem.*, and the execution is by its terms confined to the premises described in the judgment. See also upon this point R. S. ch. 57, p. 21; 11 Ill. 513; 17 id. 157; Kent's Com. 432, note " C."

III. The action of the court in sustaining the demurrer to the defendant's special plea, if erroneous, was immaterial to the rights of the parties, and left the real issues unchanged.

The pleadings in ejectment have been fixed by statute. The

defendant below therefore neither had the right nor was under the necessity of adding a special plea. It was a simple nullity on the record. Whether disposed of by motion to strike from the files or by demurrer, and whether so disposed of before or after the commencement of the trial, could in no way affect the rights of the defendant. All his possible legal defenses to the action were still left in his hands. 15 Ill. 241; 29 id. 518.

The court, moreover, will not fail to observe, that on the trial the defendant did not attempt to show that the premises in question did not constitute his homestead.

The circumstance that the law prescribing the form of pleadings in ejectment was enacted prior to the homestead law, can make no difference. The object of the statute was to simplify the pleadings to the utmost degree. A form of defense so general and comprehensive, covering all the infinite diversity of cases where the plaintiff's claim of possession is denied, seems as well fitted to a species of defense given by a law passed afterwards as to any other species. See precedent in 29 Ill. 518. This case occurred under the operation of the homestead law of 1857.

If these views are correct, then manifestly there is no error in the judgment, and it should be affirmed.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The points raised on the record are few and simple, and therefore not difficult to be decided.

As to the action of the Circuit Court, in apparent contravention of its own rules, we have to observe that the reasoning in the case of *Owens* v. *Ranstead*, 22 Ill. 161, as is apparent from the language used, and the case under consideration, was not designed to apply to motions, of course, made in the progress of a cause. No general rules can well apply to them. And besides, it was a matter of perfect indifference whether the court entertained a motion to strike out the special plea or sustained a demurrer to it. The plea had no proper place in the action on trial.

The important objection, as it strikes us, to the recovery in

this case, is, that the evidence does not support it. The judgment in the *scire facias*, on which the premises were sold, was a judgment in favor of Jacob Helbig, and so was the execution which issued on it. The sheriff's return shows that he sold the property to the plaintiff. His deed is made to Christopher Adleman, and recites a judgment in favor of John Helbig. There is no proof there was no judgment in favor of John Helbig.

This court held, in the case of *Dickerman* v. *Burgess*, 20 Ill. 266, that there should be entire conformity in the return of the sheriff, his certificate and deed; and if they do not possess it, they will be held invalid.

The property was struck off to the plaintiff in the execution. The certificate should have been issued to him, and the deed made to him. The deed is made to Adleman as the purchaser. Here is not conformity.

It would be easy for the sheriff to amend his return, and show that the property was struck off to Adleman, if that was the fact. Then the deed would be correct, so far as that point is involved. As to the statement of the judgment being in favor of John Helbig, when it was really in favor of Jacob Helbig, that might be corrected on a proper application for such purpose.

Had there been proof that no other judgment had existed than the one in favor of Jacob Helbig, on the records of the Will Circuit Court, the recital would have been considered as a mistake, and not vitiating the deed. To that effect are the cases cited by appellee, especially the case of *Durham et al.* v. *Heaton*, 28 Ill. 264.

If a homestead right was claimed by the defendant, he could have shown it under the plea of not guilty. *Patterson* v. *Kreig*, 29 Ill. 514.

As to the paper purporting to be a sheriff's deed having no seal, it will be seen the defendant did not object to its going in evidence on that account, but for the other reasons which we have stated.

The judgment is reversed and the cause remanded.

*Judgment reversed.*