HARRY BLOCK, Appellee, *vs.* JAMES H. HOOPER, Appellant.

*Opinion filed June 18, 1925—Petition stricken October 9, 1925.*

1. JUDICIAL SALES—*when equity will allow redemption from a sale for inadequate price.* Where the price paid for property at a judgment sale is grossly inadequate a court of equity will allow redemption upon equitable terms after the time for redemption has expired if there are irregularities, fraud or circumstances of unfairness connected with the sale; and the purchaser at such sale can retain his advantage only by showing that he acquired title by proceedings free from fraud or irregularity.

2. SAME—*the execution must conform strictly to the judgment.* The execution, certificate and deed, to be valid, must conform to the judgment in every essential particular, and even slight irregularity or unfair advantage taken by the purchaser is sufficient to warrant a court of equity in permitting a redemption.

3. SAME—*what may be considered to show fraud.* All facts which tend to show that an unfair advantage was sought by the purchaser or person benefited by a judicial sale of property at an inadequate price are competent to be considered and may amount to evidence of fraud.

4. SAME—*execution should show all parties against whom judgment is entered.* The execution should upon its face show the judgment and all parties against whom the same is entered, as it may

be of vital concern to a judgment debtor that notice of the issuance of the execution writ be served on his co-debtor.

5. SAME—*inadequacy of price is not, alone, sufficient to avoid sale.* Courts will protect judicial sales to the end that the creditor be paid his debt and that the purchaser shall not lose, and inadequacy of price is not, alone, sufficient to avoid a sale brought about by orderly and accurate processes of the law.

FARMER, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding.

JAMES H. HOOPER, *pro se.*

S. L. & FRED LOWENTHAL, and CLELAND, LEE & PHELPS, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county setting aside a sheriff's deed to real estate sold under execution and permitting redemption by the judgment debtor.

It appears that the appellee became surety on an appeal bond of the Peggy Page Candy Company. Suit was instituted thereon in the county court and a judgment entered against the candy company and the appellee for $139.16 on March 17, 1922. Execution was issued on the judgment the next day. Levy was made on May 3, 1922, and the property in question was sold to the appellant on May 31, 1922, for $173. It is conceded that the property is worth $12,000 over and above its incumbrances. The appellee was then, and had been for a number of years prior thereto, conducting a cigar store and soft drink parlor in the premises.

It is admitted, as it must be, that the price paid at the judgment sale of this property is grossly inadequate, and the rule is, that where there are irregularities, fraud or circumstances of unfairness connected with the sale, a court

of equity may allow redemption upon equitable terms after the time for redemption has expired. *McDaniel* v. *Wetzel,* 264 Ill. 212; *VanGundy* v. *Hill,* 262 id. 162.

It appears from the record that the sheriff, in making service of the execution in this case, did not serve the same on the appellee. The deputy sheriff testified that he inquired at the premises of the appellee and was told that he was no longer there, and the execution bears an endorsement and notation by the sheriff: "Moved March 31st." The bill filed alleges that the appellee's address was, and had been, as shown on the writ; that he had not moved but spent as much as twelve hours a day at his place every day during this time; that no service of the execution was ever had on him, and that he did not know of the sale until the period of redemption had expired.

The bill alleges as an irregularity, that while the judgment was rendered as a joint judgment against the appellee and the candy company the execution was issued against the appellee alone, and it is contended that this is an irregularity sufficient to justify a court of equity in permitting redemption. Whether an execution sued out against one of two joint defendants is valid has never been directly passed upon by this court. It is the rule in this State and elsewhere, that an execution, certificate and deed, to be valid, must conform to the judgment in every essential particular. (*Hobson* v. *McCambridge,* 130 Ill. 367; *Bradford* v. *Water Lock Co.* 58 Ga. 280; *Palmer* v. *Palmer,* 2 Conn. 462; *Farnham* v. *Hildreth,* 32 Barb. 277.) It has been held that a deed made to one other than the purchaser at a judgment sale does not meet the requirement of conformity. (*Johnson* v. *Adleman,* 35 Ill. 265; *Dickerman* v. *Burgess,* 20 id. 267.) In *Hamilton* v. *Quimby,* 46 Ill. 90, it was held that while mere inadequacy of price, though gross, will not justify a court in setting aside a deed issued on a judgment sale, yet the court will seize upon any conduct on the part of the parties interested indicating unfair-

ness in order to afford relief. Where the inadequacy is gross, the purchaser at a judgment sale can retain his advantage only by showing that he acquired title by proceedings free from fraud or irregularity. If the inadequacy can in any way be traced to, connected with or shown to result from any mistake, accident, surprise, misconduct, fraud or irregularity the sale will generally be vacated. All facts which tend to show that any unfair advantage was sought by the purchaser or person benefited by the sale are competent to be considered and may amount to evidence of fraud. (Freeman on Executions, sec. 309; *Morris* v. *Robey, 73* Ill. 462; *Davis, Cory & Co.* v. *Chicago Dock Co.* 129 id. 180.) The rule is, that even slight irregularity or unfair advantage taken by the purchaser is sufficient to warrant a court of equity in permitting a redemption from such sale. It is said by Freeman on Executions, sec. 42: "In this part of the execution (the parties) the same precision must be attained as is necessary in the entering of a judgment. It must show for and against whom the execution issues, the amount or amounts to be taken from the latter for the benefit of the former, and also show the date at which and the court wherein the judgment was rendered. No execution can be proper in form unless with reference to these particulars it exactly pursues the judgment. * * * The execution must on its face appear to be against all the defendants, notwithstanding from death, bankruptcy or other cause no levy can be made on the property of some. Execution ought also to state the name of each defendant as it is set forth in the judgment." This quotation is cited with approval in *Hobson* v. *McCambridge, supra.* As said by Freeman on Executions, (sec. 42,) the reason why the description of the judgment is inserted in the writ is that the officer may know what he is to enforce and that the writ may, by inspection, be connected with the authority for its issuance. In *Linn* v. *Hamilton,* 34 N. J. L. 305, where execution had been issued against joint debtors, it was said that

the judgment being joint it was necessary to the validity of the execution that it should conform to the judgment and should be issued against all defendants,—citing Archbold's Pr. 283. This was held to be true though one of the defendants, subsequent to the judgment, had been declared a bankrupt and his discharge entered. The rule requiring that the execution appear on its face to be against all joint defendants is also supported by *Clarke* v. *Clement & English,* 6 Durn. & East, 525; Tidd's Prac. 1120.

While it has been held by some authorities that the rule that executions must follow the judgment does not necessitate the making of all parties to a judgment parties to the execution, we are of the opinion that not only the weight of authority, but the better rule in reason, requires that the execution shall upon its face show the judgment and all parties against whom the same is entered, for the reason that it may be of vital concern to a judgment debtor that notice of the issuance of the execution writ be served on his co-debtor, and it may be in this case that if the execution had conformed to the judgment and had been issued against both defendants the sale of the property of the appellee here would not have been necessary. It would seem but fair that before the property of the appellee is taken on execution the writ must be shown to be supported by a valid judgment and must be issued in conformity with that judgment.

It is said that all this is not binding on the appellant. Courts will protect judicial sales to the end that the creditor be paid his debt and that the purchaser at such sale shall not lose. This is the primary purpose of the law providing for such sales. Courts will not set aside such a sale for inadequacy of price, merely, but it is not the primary or other purpose of the law to protect one who seeks the disproportionate benefit of procuring valuable property for little or no outlay. Such a result is not consonant with

the underlying principles of equity and good conscience. Though he be an innocent purchaser, the benefit accrues to him not through any tender solicitude for him on the part of the court, for there is none, but because of the established rule that inadequacy of price is not, alone, sufficient to avoid a sale brought about by orderly and accurate processes of the law. The sale of one's property to satisfy his debt to another is a drastic remedy and the provisions of the law by which it is brought about must be strictly complied with, and where this is not done, courts will, where the price is inadequate, allow redemption upon equitable terms though the period of redemption has expired. In this case the appellant was formerly a lawyer and doubtless knew of the processes of the law in relation to execution sales. He knew that the sale of over $12,000 worth of property for $173 was at a grossly inadequate price and unconscionable, and he must be held to have known that by keeping still until the period of redemption had expired he would get a large amount of property through another's misfortune or negligence. Regardless of what might be said of the ethics of such transaction, it is evident that the appellant has not been injured. The irregularity in this case might well have been the cause of failure to pay the judgment before sale.

By reason of the issuance of an invalid execution and the gross inadequacy of sale price the appellee ought in good conscience be allowed to redeem this property, and the decree of the circuit court will therefore be affirmed.

*Decree affirmed.*

Mr. JUSTICE FARMER, dissenting.