(No. 25076.—

THE MUTUAL BENEFIT LIFE INSURANCE COMPANY *et al.* Appellees, *vs.* THOMAS E. LYONS, Appellant.

*Opinion filed April 19, 1939.*

COTTON & NICHOLS, and C. W. TERRY, for appellant.

GREEN & PALMER, ASA S. CHAPMAN, and GUY R. JONES, (HENRY I. GREEN, ORIS BARTH, and CHESTER W. RICHARDS, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The Mutual Benefit Life Insurance Company filed its complaint in the circuit court of Douglas county to quiet the title to 120 acres of land it had acquired by *mesne* conveyances from John S. Quirk, the grantee in a sheriff's deed dated April 1, 1919. It also claimed title through possession and payment of taxes for seven years under color of title. Thomas E. Lyons, appellant, filed an answer in which he averred that the sheriff's deed was wholly void, and denied that the Statute of Limitations had any application. He filed a counter-claim in the first count of which he asked that the sheriff's deed be declared null and void and set aside, that the *mesne* conveyances from Quirk to appellee

company be set aside and title be quieted in him. The second count was in ejectment. The insurance company answered the counter-claim and replies were filed to all answers. A trial was had before the chancellor and a decree was entered quieting the title to the land in the insurance company, as prayed, and dismissing appellant's counter-claim. Appellant has perfected a direct appeal.

Patrick Lyons, a resident of Arcola, died testate November 24, 1913. He devised the land here involved to his wife, Maggie, for life, with remainder at her death to his sons, Andrew M. and Thomas E. Patrick Lyons also owned 540 acres of land in Bates county, Missouri, which he directed his executor to sell and apply the proceeds upon his debts, including a mortgage on his Illinois land. Thomas Lyons, a brother of Patrick Lyons, and president of the Arcola State Bank, was named executor. On March 9, 1917, Thomas E. Lyons, the appellant in this suit, and his brother Andrew M. Lyons, who has since died leaving appellant as his only heir, executed and delivered to the Arcola State Bank their renewal note for $3165, due in 90 days. On August 27, 1917, judgment by confession was entered against the makers of this note in the circuit court of Douglas county for $3368.17, and costs. An execution issued on this judgment on the same day. On September 27, 1917, the sheriff proceeded to make a levy on the real estate here involved. He endorsed the levy on the execution and issued a certificate as required by the amendment of 1917 to the Judgments, Decrees and Executions act. (Hurd's Stat. 1917, chap. 77, sec. 16.) He waited until the period of redemption expired, as provided by the 1917 amendment, and on March 29, 1919, sold the remainder interest of the judgment debtors to John S. Quirk and, on April 1, 1919, executed a deed. The amendment of 1917 to the Judgments, Decrees and Executions act did not apply to the judgment in this case, because the note upon which it was based was executed prior to the effective date of the amendment

and, therefore, that judgment was within the saving clause of the amendment. Had the prior law been followed, the sheriff would have made a levy and sold the land, and, after the fifteen months' period of redemption had expired, he would have executed a deed. The defect here complained of was that the sheriff's deed was executed immediately after the sale and before the period of redemption expired.

The title to the remainder interest conveyed by the sheriff's deed became vested by *mesne* conveyances in T. E. Lyons, a different T. E. Lyons than the appellant. On September 24, 1921, he acquired the life estate from Maggie Lyons and entered into possession. T. E. Lyons and his wife and Maggie Lyons, the life tenant, on October 29, 1921, executed a mortgage to the appellee insurance company to secure a debt of $12,000. After default, the insurance company foreclosed its mortgage. It purchased at the master's sale and received a deed on February 27, 1934, after the period of redemption had expired. Maggie Lyons, the life tenant, died on June 10, 1935.

It was stipulated that the land, at the time of the sheriff's sale, was worth about $225 an acre. The life tenant was then sixty-one years old and Quirk paid $3763.32 for the interest of the remaindermen.

Appellant offered to testify that shortly after the death of his father, Patrick Lyons, his uncle, Thomas Lyons, the executor of Patrick's will, told Andrew M. Lyons and himself that their father owed the bank a note for $2000 and an overdraft of $1043; that he had power to sell the Missouri land, but did not just then want to exercise that power. He told them that if they would sign a note to cover their father's indebtedness to the bank, the bank's records would be clear and the note would be paid from the proceeds of the Missouri land. A note for $3165 was then signed and a renewal of this note was later reduced to judgment as related. This offer was excluded as being irrelevant. Appellant claims he received no notice of the judgment, exe-

cution and sale until after the life tenant died in 1935. The Missouri land which appellant was farming was sold in 1918 for $3400, and the proceeds were used to discharge a mortgage on the Illinois land.

Appellant contends that the sheriff's deed to John S. Quirk was void and should be set aside. He relies on *Armstrong v. Obucino,* 300 Ill. 140. The factual situation there was the reverse of that in this case, since the master's sale was made pursuant to a decree which ordered a sale subject to redemption. The law of 1917 was then in force and required that the period of redemption should expire before the sale. The master made the sale to Guenberg, a stranger to the record, and issued a certificate of purchase which Guenberg assigned to Earle Fiske, who received a master's deed at the end of fifteen months. Possession was refused to him and he petitioned the court for a writ of assistance. The petition was granted, but the writ was later quashed and the owner of the premises was restored to possession. Fiske appealed from that order. We held that the decree of the court violated the 1917 statute by ordering a sale with redemption and was open to collateral attack. The fact that the decree ordered the master to perform an act in violation of a positive provision of the statute was controlling. The court had no power to enter the particular decree. On page 144 we said: "There is a statutory provision for sales of property in separate parcels where that can be done, and it has been held that a sale *en masse,* contrary to that statute, is not subject to collateral attack although the sale would be set aside upon a proper and seasonable application therefor. * * * But that is a very different proposition from the question whether a decree, and sale made under it, would be merely erroneous and not void if the decree ordered the sale made *en masse,* contrary to the statute. The decree entered in this case was directly contrary to the statute and transcended in its extent and character the law governing sales for the enforcement

of liens." This case does not hold that all execution sales may be collaterally attacked where there is a failure to follow the statute. In *Allis-Chalmers Manf. Co.* v. *Hays,* 339 Ill. 230, a bill for partition, a sheriff's deed was called in question because it was contended the 1917 law applied. There, the sheriff's sale had been made pursuant to the statute of 1921, which substantially reenacted the law as it was prior to 1917. Our decision was based on two grounds. We said that there was no proof showing that the notes, which had been reduced to judgment, were endorsed prior to July 1, 1921, and so the 1921 law applied. We also said that the judgment upon its face was valid; that the proceedings thereunder were regular, and that the sale was not void. It was merely voidable, and the judgment debtor was bound to question the validity of the sale in the court which rendered the judgment, by motion made before the time of redemption expired and upon notice to the purchaser and the parties to the suit, or by bill in equity, where the time of redemption had expired and he could present facts calling loudly for relief.

Appellee company relies upon *Suitterlin* v. *Connecticut Mutual Life Ins. Co.* 90 Ill. 483. There the insurance company obtained a decree in the United States circuit court for the Northern District of Illinois which ordered foreclosure "according to the course and practice" of the United States circuit court, which meant a sale not subject to redemption. A master's deed was issued on June 16, 1876, and on June 20, 1878, Suitterlin filed his bill in chancery in the circuit court of Cook county to redeem from the mortgage on the ground that the decree of the United States circuit court was in violation of the Illinois statute which provided for a sale subject to redemption. It was charged the sale was void and that the deed was a cloud which should be removed from the title of the plaintiff. A similar decree had been reversed, on appeal, in *Brine* v. *Hartford Fire Ins. Co.* 96 U. S. 627, and we said that the decree was

undoubtedly erroneous under that decision; but we held that the plaintiff's bill to redeem had been properly dismissed for want of equity, and said that the right of redemption was given by statute and could have been exercised regardless of the issuance of the master's deed. On page 491 we said: "The deed was prematurely made, but if it be held as not affecting any right of the debtor in consequence thereof, why may it not stand and remain as an operative deed after the expiration of the period of redemption, where no attempt had been made to assert the right of redemption? It is not perceived what legal harm can have resulted to appellant from the decree being in its present form, instead of with redemption. If erroneous, only, in so far as it did not allow the statutory right of redemption, then, on the settled rule, it could not be questioned collaterally. If void, then we do not regard that it was an obstruction to the exercise of the right of redemption given by the statute, and it is only as affecting the exercise of such right of redemption that there can be substantial cause of complaint. As affecting the sale of the premises, it would seem that one without redemption would be calculated to insure a better price for the property sold than a sale subject to redemption. Had all been in regular form, and a certificate of purchase only, given on the sale, the purchaser would have now been entitled to a deed, there having been no effort for the exercise of the right of redemption. Now, having the deed, notwithstanding it was prematurely executed, we think the purchaser may hold it, there not appearing to be any equitable ground for the interposition of a court of equity to set it aside and allow redemption at the present time."

Appellant insists that the *Suitterlin case* only held that plaintiff was not entitled to redeem because he had permitted the time for redemption to expire and had not brought himself clearly within the statute, as was said in *Mason* v. *Northwestern Mutual Life Ins. Co.* 106 U. S. 163, 27 L. ed.

129. There the Supreme Court of the United States was construing a decision of this court on a question of State law. A reading of the portion of the decision in the *Suitterlin case,* just quoted, shows that a proper interpretation of that decision is that relief was denied because no equitable ground for interposition after the redemption period expired was presented by the bill to redeem. Where the rights of innocent third parties are not involved, the policy in this State is to permit a judgment debtor to redeem upon equitable terms even though the period of redemption has expired, where the provisions of the law have not been complied with, and the judgment creditor would otherwise gain a benefit to which he is not entitled. (*Block* v. *Hooper,* 318 Ill. 182, 186; *Flemming* v. *Tallerday,* 289 id. 508; *Haworth* v. *Taylor,* 108 id. 275.) Where the land has sold for an inadequate price, irregularities will be seized upon to set aside an execution or judicial sale and to permit the judgment debtor to redeem. (*Block* v. *Hooper, supra; McDaniel* v. *Wetzel,* 264 Ill. 212, 218.) While *Suitterlin* v. *Connecticut Mutual Life Ins. Co. supra,* is not directly in point, the conclusion there reached is in line with the policy of the cases just cited. Courts will protect judicial sales to the end that creditors be paid their debts and that the purchasers at such sales shall not lose. Judicial or execution sales will not be set aside for inadequacy of price, merely, but it is not the primary or other purpose of the law to protect one who seeks the disproportionate benefit of procuring valuable property for little or no outlay. *Block* v. *Hooper, supra.*

In *Clark* v. *Glos,* 180 Ill. 556, a proceeding to establish title under the Burnt Records act, the defendant filed a cross-petition asking to have a sheriff's sale set aside. The cross-petition was filed on June 22, 1898, more than twenty years after the sheriff's sale had been held. In refusing to set the sale aside for the irregularities there urged, the court said, at page 567: "An application to set aside a sheriff's

sale for an irregularity, which makes the sale merely void-able, should be made at an earlier period than it has been made in the case at bar. Thurlow could have applied by motion to the court, rendering the judgment, to set the sale aside; he not only failed to do so, but, after the sale was made and the sheriff's deed was executed to the purchaser, he neglected to file a bill in chancery to set the same aside for the long period of time already referred to. It may not be ground for denying equitable relief, that the judgment debtor or his grantee has omitted to apply by motion to have an irregularity of this character corrected until the time for redemption has expired, still a much stronger case must be made to authorize the court to grant the relief, when there has been so long a delay as is shown by the present record. No excuse is here given, why the application to set the sale aside was not made at an earlier date. Where a judgment debtor, or a grantee holding title from him at the time of a sheriff's sale, shows no excuse for his delay in objecting to the sale, until after it has been consummated and the purchaser thereat has made conveyance to a third party buying in good faith, such debtor or grantee is not entitled to have the sheriff's sale set aside.—*Richey* v. *Merritt*, 108 Ind. 347."

The appellee insurance company made a *prima facie* case by showing a valid judgment, execution and sheriff's deed and the subsequent *mesne* conveyances to it. (*Livingston* v. *Moore*, 252 Ill. 447.) Appellant did not show any irregularities or equities that would warrant setting aside the sheriff's deed at this late day. The offer to prove that appellant signed the note on which the judgment was based because of his uncle's fraudulent representations that it would be paid out of the proceeds of sale from the Missouri land was properly rejected. Whether or not it might have been proper as a defense to the entry of judgment, it was not admissible against the appellee insurance company which had no knowledge of such representations.

Appellant insists that the facts that the execution was not served upon him; that the sale was *en masse;* that the sheriff's deed issued prematurely, and that the price bid at the sale was inadequate, warrant setting aside the sale and deed. A sheriff holding an execution need not notify the defendant before proceeding to make a levy where it is impracticable to do so, (*Barnes* v. *Freed,* 342 Ill. 73; *Hobson* v. *McCambridge,* 130 id. 367;) and with appellant beyond the jurisdiction it would have been impracticable to serve the execution upon him. Conceding that there was inadequacy of price, appellant would still not be entitled to recover, because he made no offer to redeem and insists that he does not have to do so. All of the objections that he has urged against the deed are mere irregularities and to even entitle him to redeem he would be compelled to reimburse the appellee company, at least for the amount of the judgment with interest, for the amount of taxes paid, with interest, and for improvements made by it. (*Block* v. *Hooper, supra; Flemming* v. *Tallerday, supra.*) He cannot execute a note and pay no further attention to it, and then, after twenty years, have a sheriff's deed, made pursuant to an execution issued after that note was put in judgment, set aside for the irregularities he urges, all of which occurred after the rendition of the judgment.

Another point is made with reference to the appellee company's claim of title by reason of possession and payment of taxes for seven years under color of title. Having decided that the sheriff's deed gave appellee company a good record title as against appellant's collateral attack, there is no need of discussing this question.

The decree of the circuit court was right, and it is affirmed.

*Decree affirmed.*