John McDaniel, Plaintiff in Error, *vs.* Nicholas Wetzel, *et al.* Defendants in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. Judicial sales—*what is not a sufficient posting of notices in three public places.* The posting of notices of an execution sale upon three doors of the court house is merely a posting of the notices in one place, and is not a compliance with the statute requiring the posting of notices in at least three of the most public places in the county.

2. Same—*publication for three successive weeks does not mean on same day of each week.* The statute, requiring the publication of notice for three successive weeks does not mean that the publication must be made on the same day of each week.

3. Same—*when the oath taken by appraisers is sufficient.* The statute requiring that the officer having an execution against homestead premises shall summon three householders as commissioners, who shall, upon oath to be administered to them by the officer, appraise the premises, does not mean that such officer, only, can administer the oath, and it is sufficient if the oath is administered by the clerk of the circuit court.

4. Same—*when purchaser's want of notice of irregularity does not preclude setting aside of sale.* Section 15 of the act relating to judgments, decrees and executions, which provides that no irregularity on the part of the sheriff or other officer having the execution shall affect the validity of a sale under it unless it shall be made to appear that the purchaser had notice thereof, does not mean that a court of equity may not set aside a sale on account of gross irregularities in making it, especially when combined with gross inadequacy of price.

5. Same—*effect where party fails to have sale set aside during period of redemption.* If the debtor might have had the sale of his homestead set aside on presentation of the facts to the court within the year allowed for redemption but fails to exercise that right, he must show strong equitable grounds for setting aside the sheriff's deed to the purchaser at the sale, and if his own conduct has been inequitable, in addition to the neglect of his remedy, relief may be denied.

6. Same—*fact that sheriff's deed has been made does not absolutely bar relief.* There is no invariable rule of equity that relief will not be granted after a sheriff's deed has been made, and where gross inadequacy of price is shown to exist, the court will take

hold of serious irregularities or circumstances of unfairness toward the debtor in order to grant relief.

7. Same—*when execution sale of homestead should be set aside.* An execution sale of homestead premises for a grossly inadequate price, coupled with serious irregularities, should be set aside, notwithstanding the debtor, who was in possession of the premises, took no steps to set the sale aside before the sheriff's deed was made at the expiration of the period of redemption, where the debtor refused to accept the $1000 tendered to him for his homestead estate and before filing his bill tendered to the purchaser the full amount of his bid, with six per cent interest, together with the accrued costs of the forcible detainer suit the purchaser was prosecuting against him.

Writ of Error to the Circuit Court of Edgar county; the Hon. M. W. Thompson, Judge, presiding.

W. H. Clinton, and Dyas & Dyas, for plaintiff in error.

Walter V. Arbuckle, and Stewart W. Kincaid, for defendants in error.

Mr. Chief Justice Cartwright delivered the opinion of the court:

Plaintiff in error, John McDaniel, filed his bill in the circuit court of Edgar county to restrain defendant in error Nicholas Wetzel from prosecuting a suit in forcible entry and detainer against him, and to set aside a sheriff's deed made to Wetzel in pursuance of a sale on execution issued on a judgment against plaintiff in error in favor of defendant in error Frank Bodle. A temporary injunction was ordered by the master in chancery and issued. Frank Bodle answered and disclaimed any right or interest in the subject matter of the controversy. Nicholas Wetzel answered, alleging that the sheriff's deed was valid and denying that he had any knowledge of irregularity in the sale. Wetzel moved to dissolve the injunction for want of equity on the face of the bill. The motion was heard by the court

on the sworn answers and affidavits in behalf of the respective parties and documentary evidence. The court dissolved the injunction, assessed damages in favor of Wetzel against the complainant in the·sum of $225, and dismissed the bill.

The facts are as follows: At the January term, 1911, of the circuit court of Edgar county, the defendant Frank Bodle recovered a decree against complainant for $287.27 and costs. On October 18, 1911, an execution was issued, and on December 15, 1911, the sheriff levied· on the east forty-eight feet of out-lot 135 of the city of Paris, which was the homestead of the complainant and occupied by him with his family. Appraisers were sworn by the clerk of the circuit court, and they appraised the property at $4000, and reported that it was not susceptible of division and that the homestead could not be set apart. On January 5, 1912, the sheriff notified the complainant of the appraisement and report, and gave notice that unless he 'should pay the sheriff $343 within sixty days the premises would be advertised and sold. The complainant did not pay said sum, and on March 29, 1912, the sheriff advertised the premises for sale on April 20, 1912. The first publication of the notice was on March 29, 1912, and the last on April 10, 1912, and the notices required to be posted were posted on three doors of the court house, in the city of Paris. On April 20, 1912, the sheriff sold the property to the defendant˙ Nicholas Wetzel for $1347.50, and˙on April 25, 1912, the sheriff tendered the complainant $1000 for his homestead, which the complainant refused to accept, and on the same day the sheriff executed a certificate of sale of the property. The complainant did not redeem from the sale, and on July 28, 1913, the sheriff executed a deed to Wetzel. The property at the time of the sale was worth $5000. After Wetzel received the sheriff's deed he brought a suit in forcible entry and detainer before a justice of the peace against the complainant for possession. On September 2, 1913, the com-

plainant tendered to Wetzel $1460.35, being the amount for which the property was sold, six per cent interest from the day of sale, and $2.80 accrued costs in the forcible entry and detainer suit. Wetzel refused to accept the money, and it was deposited with the clerk of the circuit court and the bill was filed.

The statute provides that no real estate shall be sold by virtue of any execution unless notice shall be given by putting up written or printed notices thereof in at least three of the most public places in the county where the real estate is situated. The notices posted for the sale in question were posted on the three doors of the court house, which was but one place in the county. This was not unlike the posting of notices in the case of *Tennessee Drainage District* v. *Moye*, 258 Ill. 296, where two notices were posted on a tree at the cross-roads, showing towards each road, and two on a tree at the forks of another road, one on each side. Other notices were also required in case additional lands were embraced, and the affidavit of posting showed that one notice was on a fence post and another on a fence post at the same place. The affidavit did not show whether there were two fence posts or only one, but if there were two they were at substantially the same place. The posting in both instances was held to be insufficient, and the court said that the argument of the defendant in error would justify the posting of the ten notices required by law on ten different trees at the same cross-roads. To post three notices on three different doors of the court house was an utter disregard of the statute designed to give public notice of the proposed sale in different parts of the county, and the sale was made without posting the notices required by law.

The statute requires the notice to be published for three successive weeks, and if it had been published on the same day in three successive calendar weeks the last publication would have been on April 12 instead of April 10. Usually

the publications considered by the court have been weekly publications on the same day for three successive weeks, as in *Garrett* v. *Moss,* 20 Ill. 549, and *Pearson* v. *Bradley,* 48 id. 250, but in the case of *Andrews* v. *People,* 83 Ill. 529, where the first publication was on Friday and the notice was published again throughout the succeeding week and on each of the first three days of the third week, it was held that the statute was complied with. When the same case was before the court again, and reported in volume 84, page 28, it was said that the notice was published from Monday to Thursday of the third week. Whether the last publication was on Wednesday or Thursday would make no difference in the conclusion, as fourteen days did not elapse between the first and last publications. · Whatever reason there may be for saying that the General Assembly did not intend that a publication within seven days after a preceding one would not be in a succeeding week, the decision in *Andrews* v. *People* has stood for such a long time that the question will not be reconsidered.

The statute provides that the officer having an execution shall summon three householders as commissioners, who shall, upon oath to be administered to them by the officer, appraise the premises, and in this case the oath was administered by the clerk of the circuit court. In *Dillman* v. *Will County Nat. Bank,* 138 Ill. 282, where commissioners were appointed by a court of equity to set off a homestead and required to take an oath, which was taken before a notary public, it was held that the oath was sufficient, on the ground that the commissioners were appointed by the court and not by the officer having an execution, as provided by the statute, and for that reason were not required to take an oath before the person therein designated, but the court had power to direct that they should take an oath before any officer empowered by law to administer oaths, generally. It was there implied that the oath must be taken before the sheriff, as required by the

statute, before a sale on execution, and in cases of homestead exemption the court has always insisted upon a strict compliance with the statute. There are other cases, however, where the statute has provided for taking an oath before a certain officer for obtaining a *capias* or in garnishment, and it was held that the affidavit could be made before any officer authorized to administer oaths. (*Fergus* v. *Hoard,* 15 Ill. 357; *Horat* v. *Jackel,* 59 id. 139.) Perhaps there is no sufficient ground for distinguishing this case from them because a homestead was involved, and we therefore hold that the oath was sufficient.

Section 15 of the act in regard to judgments and decrees and the manner of enforcing the same by execution, imposes a penalty of $50 upon any sheriff or other officer who shall sell any real estate by virtue of an execution without previous notice, as required by the act, but provides that no irregularity on the part of the sheriff or other officer having the execution shall affect the validity of a sale made under it unless it shall be made to appear that the purchaser had notice thereof. There was no evidence that the defendant Wetzel knew that notices were not posted, but the statute does not mean that a sale may not be set aside by the court on account of irregularities in making it, especially when combined with gross inadequacy of price, which, alone, is not sufficient. The uncontradicted evidence was that the property was worth $5000 and was worth $4000 above the homestead interest. Property worth $4000 was sold for $347.50, which was a grossly inadequate price. The complainant might have had the sale set aside by the court, upon presentation of the facts, at any time within the period of redemption allowed by the statute and did not avail himself of that privilege. Inasmuch as he had that remedy by motion and failed to avail himself of it, he should be required to show strong equitable grounds for setting aside the conveyance. (*Hay* v. *Baugh,* 77 Ill. 500.) If the conduct of a defendant in an execution is inequi-

table, and he fails to pursue any legal remedies open and available to him but gives no attention to his rights or to the sale within the year when he has a right to redeem, there is no ground for equitable interference, and relief will be denied however great the loss attributable to his conduct may be. (*Skakel* v. *Cycle Trade Publishing Co.* 237 Ill. 482.) There is, however, no invariable rule of equity that relief will not be granted after a sheriff's deed has been made, and where there are circumstances of irregularity in an execution sale inadequacy of price will always be taken into consideration, and the court will take hold of serious irregularities or circumstances or unfairness toward the debtor in order to grant relief in a case where gross inadequacy is shown to exist. (*Davis, Cory & Co.* v. *Chicago Dock Co.* 129 Ill. 180; *Hobson* v. *McCambridge,* 130 id. 367; *Parker* v. *Shannon,* 137 id. 376.) In this case the complainant was all the time in possession of the property, so that he was not chargeable with *laches* and there was no limitation operative against him. He refused to accept the $1000 tendered to him, and the property was his homestead, occupied by himself and family, so that his individual interest is not the only thing to be taken into consideration. Before filing his bill he tendered to Wetzel the full amount of his bid, with six per cent interest and the accrued costs in the forcible entry and detainer suit, and if Wetzel had accepted the money he would have suffered no loss although he would have failed to hold valuable property for a trifling consideration. The circumstances are such that in our opinion the court ought to have set aside the sale and conveyance.

The decree is reversed and the cause remanded.

*Reversed and remanded.*