(No. 24770.—

HENRY A. KLEIN, Appellant, *vs.* JOSEPH MANGAN *et al.* Appellees.

*Opinion filed October 21, 1938—Rehearing denied Dec. 13, 1938.*

EDWARD R. NEWMANN, and IRVING R. SIDEMAN, (ODE L. RANKIN, of counsel,) for appellant.

WHITTY & McGAH, (WILLIAM E. MORAN, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

The question at issue is whether a judgment creditor of the husbands of the owners of the equity of redemption in real estate, (the husbands having joined with their wives in the execution of the mortgage foreclosed,) may redeem from a sale under foreclosure within the statutory period allowed judgment creditors.

Harriet Brody and Minnie Brody were seized of the fee simple title to certain lots in Cook county. These owners, on February 2, 1931, executed their note for $6000 in which their respective husbands, Samuel Brody and Louis L. Brody, joined, and to secure the note they all executed a trust deed conveying the property to a trustee. Default having been made, the trust deed was foreclosed, the premises were sold by the master to the plaintiff (appellant) and a certificate of sale issued to him and recorded, which he still owns. A deficiency judgment was entered against all four of the note makers, and the receiver continued in possession. No one sought to redeem within the initial statutory period of twelve months. On the last day of the succeeding three-months' period within which judgment creditors might redeem, the appellee Joseph Mangan obtained a judgment by confession in the superior court of Cook county against the above named Samuel Brody and Louis L. Brody. An execution was issued thereon, which appellee Mangan placed in the hands of the sheriff together with the sum of $6557.50, being the amount of sale, interest, costs and charges accrued, for the purpose of making redemption of the property from the master's sale under the provisions of section 20 of the Judgment act. (Ill. Rev.

Stat. 1937, chap. 77, par. 20, p. 1900.) The sheriff accepted the money, issued a certificate of redemption which was recorded, and the sheriff then advertised a sale of the premises.

Appellant filed his complaint against Mangan and the sheriff of Cook county for an injunction restraining the sheriff's sale and praying that the purported redemption be declared void; that the injunction be made permanent; that appellee Mangan be restrained from asserting any right, title, interest or estate in the premises; that the master be directed to issue a master's deed to appellant and that his title to the property be established and quieted from the claims of Mangan or anyone claiming under him, and for general relief. A temporary injunction was granted. After a hearing on the complaint and answer, the trial court decreed that the redemption was valid, dissolved the injunction and dismissed the complaint for want of equity. Appellant has appealed directly to this court.

The facts considered, we first find it necessary to determine whether we have jurisdiction of this appeal.

The interests of Samuel Brody and Louis L. Brody in the premises are those merely of inchoate dower rights. Such a right, prior to becoming consummated by the death of the respective wives, is "a mere intangible, contingent expectancy, and not only is not an estate in land but does not even rise to the dignity of a vested right." (*Bennett* v. *Bennett,* 318 Ill. 193; *Goodkind* v. *Bartlett,* 136 id. 18.) An inchoate right of dower is not such a right as can be enforced by any proceeding. *Bigoness* v. *Hibbard,* 267 Ill. 301.

The interest of the appellant, Klein, as holder of the certificate of purchase from the master, is not a vested one but is merely a right to receive a deed if the premises are not redeemed. In making his bid, the law charges him with notice that the property is subject to redemption by one of the two classes of persons mentioned in the statute

as having that right. (*Fitch* v. *Wetherbee,* 110 Ill. 475.) If the redemption made by appellee Mangan was lawful, appellant is entitled to receive the redemption money and the premises will be resold. If there is no redemption, and the certificate of redemption becomes void by virtue of the Statute of Limitations or otherwise, the right of the holder of the certificate to obtain a deed, ceases. *Chicago, Burlington and Quincy Railroad Co.* v. *Watson,* 105 Ill. 217.

Appellant was not yet entitled to a deed under his certificate of purchase on the day Mangan redeemed from the foreclosure sale. As the holder of the master's certificate of sale, appellant acquired no title to the land either legal or equitable. (*Hack* v. *Snow,* 338 Ill. 28.) The owner of the equity of redemption has the same estate in the land both before and after the sale under a foreclosure decree. (*Hack* v. *Snow, supra.*) Appellee Mangan is a judgment creditor of the husbands of the owners of the equity of redemption and his judgment is not a lien on the premises, but his interest is limited to the right, if any, to redeem from the master's sale. "A freehold is never involved, within the meaning of the statute, except where the primary object of the suit is the recovery of a freehold estate, the title whereof is directly put in issue, and where the suit if prosecuted to a final determination, will, by virtue of the judgment or decree rendered therein, as between the parties, result in one gaining and the other losing the estate." (*Chicago, Burlington and Quincy Railroad Co.* v. *Watson, supra;* see, also, *Taylorville Savings, Loan and Building Ass'n* v. *McBride, ante* p. 544.) Obviously, a freehold is not directly involved in this case.

No grounds appearing to give this court jurisdiction on a direct appeal, the cause will be transferred to the Appellate Court for the First District. *Cause transferred.*