(No. 29557.—

SYLVIA MOHR, Appellee, and ERNEST MOHR, Cross Appellant, *vs.* F. L. SIBTHORP, Appellant.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

JAMES G. ALLEN, of Decatur, for appellant.

C. E. TATE, (CARL B. PRESTIN, of counsel,) both of Champaign, for appellee and for cross appellant.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Champaign county setting aside a sheriff's deed of real estate to appellant, enjoining appellant from further prosecuting any action to recover possession of certain farm lands, and granting appellee, Sylvia Mohr, the right to redeem said premises.

On February 21, 1945, Ernest J. Mohr and Sylvia Mohr, husband and wife, filed their action in equity entitled "Complaint for Redemption" consisting of two counts. In count I, the husband, Ernest Mohr, alleged that on February 24, 1943, he was the owner of certain real property situated in Champaign county and that on said date said premises were offered for sale by the sheriff of Champaign county, that a pretended sale was had by virtue of a writ of *venditioni exponas* issued out of the circuit court of Macon county and dated January 15, 1943, and that said writ was issued by the clerk of the circuit court of Macon county upon a judgment entered in said court, which was void and of no force and effect by reason of having been entered upon a forged promissory note, said note not bearing his genuine signature. He further alleged

that said sale was had while another execution was outstanding in Champaign county, that at the time of the sale there was pending in the circuit court of Champaign county an injunction suit regarding the enforceability of said execution and that the property was worth $20,000 at the time of the sale and that the defendant purchased the same for a total of $1714.

Plaintiff Ernest Mohr prayed that the court determine the validity of the sheriff's deed and that, in the event the court determined that the sheriff had the power to sell said premises, the plaintiff be allowed to redeem the same and that the court fix and determine the amount due and owing by the plaintiff to the defendant and that the plaintiff have such other and further relief as might be proper in the premises.

Plaintiff Sylvia Mohr, by count II, made practically the same allegations as made by her husband and in addition sought to redeem the premises on the ground that her inchoate right of dower had not been set off to her and, therefore, she was entitled to redeem the premises.

The defendant filed a motion to dismiss the complaint, which was overruled. Subsequently defendant answered the complaint denying that the plaintiffs were entitled to any relief, asserting the validity of the proceedings had for the sale of the real estate and failure of the plaintiffs to redeem in accordance with the manner provided by statute. Subsequently a hearing was had and the court entered a decree dismissing count I of the complaint and entering judgment in favor of the defendant and against plaintiff Ernest J. Mohr. The court further decreed, however, that plaintiff Sylvia Mohr be allowed to redeem the premises providing she should deposit with the clerk of the court a sum of money determined by the court to be due the defendant. The court also permanently enjoined the defendant from further prosecuting a suit against the

Mohrs for the possession of the property and declared the sheriff's deed issued pursuant to the sheriff's sale void.

From this decree the defendant appeals and plaintiff Ernest J. Mohr also appeals.

A proper determination of the issues in this cause requires a review of the numerous legal proceedings which have transpired between the parties for many years. Ernest J. Mohr inherited from his father the farm land in question, which is situated about eight miles from Champaign. The farm contains 145 acres and is divided into two parts. It is undisputed that in 1943 it was worth $150 or more per acre. On March 26, 1929, one Messick, the assignee of the payee of a judgment note, took judgment by confession against plaintiff Ernest Mohr, in the circuit court of Macon county in the amount of $862.59. Not until 1935 did Ernest Mohr seek to open this judgment or attack its validity. He then requested leave to plead on the ground that the judgment was void because the note was a forgery. The circuit court of Macon county refused to open the judgment and Mohr was not given leave to plead. He took no appeal from this action of the circuit court of Macon county.

A transcript of the judgment was filed in Champaign county and subsequently an execution was issued and served on plaintiff Ernest Mohr. In October, 1935, an *alias* execution was issued out of the circuit court of Champaign county and was returned "no property found." Subsequently on November 18, 1941, an execution was issued after the judgment had been revived, and thereafter the plaintiffs in this cause brought a suit against Messick in whose favor the judgment had been recovered, whereby they sought to enjoin an execution sale and to remove as a cloud upon their title said judgment and the execution. A temporary injunction was issued staying the sale but upon final hearing this suit was resolved in favor of Mes-

sick by the circuit court of Champaign county and the temporary injunction was dissolved. The plaintiffs appealed to the Appellate Court, which court affirmed the decree of the circuit court. This case is reported in 322 Ill. App. 56, and was pending on appeal at the time of the sale of the premises. The plaintiffs did not obtain a *supersedeas* continuing the temporary injunction when they filed their appeal. On January 15, 1943, a writ of *venditioni exponas* was issued by the clerk of the circuit court of Macon county on this judgment directed to the sheriff of Champaign county. Pursuant thereto the sheriff conducted a sale on February 24, 1943. Appellant Sibthorp was the only bidder at the sale and purchased the property for $1714. The period of redemption from the sale expired and the defendant Sibthorp presented his certificate to the sheriff and requested a deed. The deed was delivered to the defendant on June 27, 1944, after much discussion between Messick's attorney, the plaintiffs' counsel and the State's Attorney of Champaign county. It should be borne in mind that the opinion of the Appellate Court in the injunction suit brought by Mohr against Messick was filed on February 29, 1944, a few days after the period of redemption from the sheriff's sale had expired.

The chancellor held that the defendant Sibthorp was not a *bona fide* purchaser for value but held the same position as the judgment creditor Messick. This was based upon the fact that Sibthorp had followed this litigation for some time and was familiar with what had transpired between the parties and had attended other court proceedings between the parties before he purchased at the sheriff's sale and was closely associated with the judgment creditor and his attorney in their dealings with the plaintiffs. Messick's attorney obtained the sheriff's deed for Sibthorp and sat at the counsel table with the defendant's attorney in the trial of this cause.

The evidence indicates that Messick's attorney has also represented the defendant up until the time of this trial. Messick's attorney states that his interest was one solely of looking after the work which he had previously done. However, his presence at the counsel table and his activity in the trial of the cause justifies the chancellor's finding that he expects to receive and that the defendant expects to pay him a share of the expected profits. The chancellor's finding that the defendant was not a *bona fide* purchaser and that he holds the same position as the judgment creditor is entirely proper.

There can be no doubt as to the inadequacy of the price. The trial judge found that the value of the premises on the day of the sale was $21,450 and that the bid at the sale, together with the mortgage lien then against said premises, amounted in all to $4214, leaving a net profit to the purchaser at the said sale of $17,236. It is undisputed that there was only one bid made at the sale and that the purchaser and the judgment creditor's attorney were the only parties present other than the sheriff. Therefore, the price obtained was so grossly inadequate as to seriously question the validity of the transaction.

At the time of the sale in this case the statute provided that the lands should be sold free from the inchoate right of dower of the spouse of the owner of the property and that the sheriff should pay to said spouse the value of her inchoate right of dower. (Ill. Rev. Stat. 1941, chap. 77, par. 14a.) None of the parties hereto have questioned the validity or applicability of that statute. In this case no effort was made by the sheriff to set off to plaintiff Sylvia Mohr the value of her inchoate right of dower, and while it was the duty of the sheriff to act in accordance with the statute, it appears from the record that such failure to set off Sylvia's dower was either acquiesced in by the attorney for the judgment creditor or done pursuant to his direction.

The policy in this State, where no innocent parties are involved, is to permit a judgment debtor to redeem upon equitable terms even though the period of redemption has expired, where the provisions of the law have not been complied with and the judgment creditor would otherwise gain a benefit to which he is not entitled. (*Block* v. *Hooper*, 318 Ill. 182; *Mutual Benefit Life Ins. Co.* v. *Lyons*, 371 Ill. 341.) Likewise, where land has sold for an inadequate price, irregularities will be seized upon to set aside an execution or judicial sale and to permit the judgment debtor to redeem. We will protect judicial sales to the end that creditors be paid their debts and that the purchasers at such sales shall not lose, and such sales will not be set aside for inadequacy of price, alone. However, we have also announced the policy that it is not the primary or other purpose of the law to protect one who seeks the disproportionate benefit of procuring a valuable property for little or no outlay.

The sale of one's property to pay his debt is a drastic remedy and the provisions of the law by which it is brought about must be strictly complied with, and, where this is not done and where the price is inadequate, courts will allow redemption upon equitable terms though the period of redemption has expired. (*Block* v. *Hooper*, 318 Ill. 182.) This court has held that a redemption, although a statutory privilege and to be exercised in substantial compliance with the statute, is nevertheless looked upon with favor and unless injury is to result to the purchaser at the sale a liberal construction will be given redemption laws. *Hruby* v. *Steinman*, 374 Ill. 465.

The conduct of plaintiff Ernest Mohr cannot be commended. Had he obtained legal counsel to adequately protect his rights when he first learned of this judgment, and had he followed their advice, these legal proceedings might never have resulted. On the other hand, the conduct of Messick and his attorney, Morey, is not above criticism.

Certainly, if it had been the intention of the judgment creditor to have a *bona fide* judicial sale, and if the payment of his judgment had been his sole desire, as it should have been, no attorney for any judgment creditor would have permitted such an excessive levy to have been made nor such a sale to occur where only one bidder appeared.

The witness, Morey, the attorney for the judgment creditor and, from the record, also one of the attorneys for the purchaser at the sale, stated upon direct examination that after the sheriff's deed was executed he went with Sibthorp to the land and that he went to the back door and talked with plaintiff Sylvia Mohr and stated, "Well, do you want to settle up that case over in Urbana some way?" This indicates that, even after the sheriff's deed had been obtained, it was the intention of Morey, the judgment creditor's attorney, to still give the Mohrs an opportunity to pay up and redeem. Certainly, Morey realized that the sale was not beyond question and that the validity thereof was doubtful in view of the inadequacy of the price, the excessive levy and the failure to set off the inchoate right of dower, all of which furnish sufficient basis for action by a court of equity. (*Rogers* v. *Barton*, 386 Ill. 244.) While a wife cannot assert an inchoate right of dower during the lifetime of her husband, she has such an interest as entitles her to the protection of the court against any sale which would result in fraud of her marital rights. (*Roberts* v. *Goodin*, 288 Ill. 561.) With respect to her marital rights the law affords the same protection to a wife as to a creditor. (*Higgins* v. *Higgins*, 219 Ill. 146.) In this case her rights have been disregarded.

The chancellor in this case found the equities with plaintiff Sylvia Mohr, but did not see fit to permit the plaintiff Ernest Mohr to redeem. From a careful study of the record it is the opinion of this court that such a holding is correct. The chancellor's determination not to permit plaintiff Ernest Mohr to redeem is not contrary to the

426

weight of evidence and will not be changed by this court. Likewise, the chancellor's ruling that Sylvia Mohr have the right to redeem is affirmed. It is the opinion of the court that the decree of the circuit court of Champaign county be, and the same is, hereby affirmed.

*Decree affirmed.*