THE FEDERAL LAND BANK OF ST. LOUIS, Plaintiff-Appellee, *v.* BENJAMIN DROSTE *et al.,* Defendants-Appellants.

(No. 74-28;

Fifth District—March 14, 1975.

Edward D. Groshong, of East Alton, for appellants.

Thomas, Mottaz & Eastman, of Alton (Steven N. Mottaz, of counsel), for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This appeal arises out of a mortgage foreclosure against farm property in which defendant-appellant Benjamin Droste had an interest. Appellees Robert Koeller, Grace Koeller and Louis Koeller were not parties to this foreclosure, but were purchasers at the foreclosure sale. Upon expiration of the statutory period for redemption appellees were issued a deed to the property in question. Appellant filed a petition requesting an extension of the period of redemption. This petition was not presented to the trial court prior to the issuance of the deed. Subsequently, appellant filed another petition. It requested the trial court to cancel the deed, determine the redemption price and, upon payment, to issue a certificate of redemption. After hearing arguments thereon, the circuit court of Madison County entered an order denying each of appellant's petitions. This appeal followed.

Appellant's principal contention is that the trial court erred in ordering distribution of $4000 of the proceeds of the sale to Alton Wrecking and Salvage Company, Inc., described as a judgment creditor of petitioner-appellant, in its order for distribution. Assuming there is merit in the contention, since it does not appear that the Alton Company was ever a party to the foreclosure proceedings, the error allegedly committed would not require any of the relief prayed for in appellant's petitions.

A review of the record in the instant case reveals the following sequence of events. A complaint for foreclosure was filed by the Federal Land Bank of St. Louis on November 2, 1970. A second complaint for foreclosure was filed by Illini Production Credit Association, a corporation, on November 16, 1970. Upon motion of Illini Production Credit Association, the trial court entered an order consolidating the two actions. Appellant was ordered to plead before June 24, 1971. Appellant's attorney filed a motion to withdraw on June 24, 1971. On June 25, 1971, the trial court entered an order of default. On July 1, 1971, the trial court granted the motion to withdraw requested by appellant's attorney. The decree for foreclosure was entered on March 21, 1972. The decree for sale was entered on March 27, 1972. On April 27, 1972, the appellant filed a motion to set aside decree for sale. Attached thereto was an affidavit signed by appellant which stated that "if the mortgage foreclosure sale is continued for sixty days, I will have the funds to pay off all mortgages

and related expenses *in toto.*" This motion was denied. The report of sale and the order approving the report of sale were entered on June 16, 1972. On June 21, 1972, a petition for distribution was filed. Included therein was a request for $4000 to be paid to Alton Wrecking and Salvage Company therein alleged to be a judgment creditor of this petitioner-appellant. The order for distribution was entered June 21, 1972. It included $4000 for Alton Wrecking and Salvage Company. No objection was filed to either the petition for distribution or to the order for distribution. A petition to compel issuance of a certificate of redemption was filed on June 18, 1973; however, before this petition was presented to the trial court a certificate of purchase was issued. On July 17, 1973, appellant filed a petition for cancellation of deed and for issuance of a certificate of redemption. The trial court by order of October 30, 1973, denied each of appellant's outstanding motions. The appellant appeals from that order.

At a prehearing conference conducted pursuant to Supreme Court Rule 310, it was agreed that it was necessary to supplement the record by securing certain testimony taken by the trial court on July 25, 1973. This testimony reveals that the appellant knew that the property in question had been sold under a foreclosure decree about 6 weeks after June 16, 1972, the date of said sale. Appellant testified that he made arrangements to secure the redemption money on June 15, or June 16, 1973. He further testified that although the money was "available" to him on June 18, 1973, he did not have the money without borrowing it from someone else. Appellant finally testified that he did not "tender" the money to Louis Koeller, Robert Koeller, or Grace Koeller, or to the clerk of the trial court. Louis Koeller testified that none of the Koellers were parties to the original suit but that they appeared at the foreclosure sale and bid the sum of $88,755.07, which was accepted. He further testified that the redemption money was never tendered and that he paid the real property taxes on the property for 1973.

■■ From the foregoing review it is evident that the appellant was afforded an ample opportunity to redeem the property in question, that no fraud, mistake or other infirmity affected the *sale* of the property or the running of the full statutory period, and that the appellant has not, to date, tendered the money for the redemption of the property. The infirmity alleged by the appellant affected, at most, the *distribution* of the proceeds of the sale. The remedies available to the appellant under these circumstances do not include either the right to extend the period for redemption or to cancel the deed issued after the expiration of the full statutory period.

Section 18 of "An Act in regard to judgments and decrees  *  *  *"
(Ill. Rev. Stat. 1971, ch. 77, par. 18), provides, in part:

"Any defendant, \* \* \* or any person interested in the premises, through or under the defendant, may, \* \* \*, within 12 months from the sale, redeemed the real estate so sold by paying to the purchaser thereof, his executors, administrators or assigns or to the sheriff or other officer who sold same, \* \* \*, the sum of money for which the premises were sold or bid off, with interest thereon at the rate of 6% per annum from the time of such sale, whereupon such sale and certificate shall be null and void."

The foreclosure sale was held on June 16, 1972. The right to redeem expired 12 months later. Since June 16, 1973, was a Saturday, the statutory period for redemption expired on the following Monday, June 18, 1973. (See Ill. Rev. Stat. 1971, ch. 131, par. 1.11.) Consequently, appellant was entitled to redeem the property until midnight, June 18, 1973.

In appellant's petition to compel issuance of certificate of redemption, filed June 18, 1973, appellant alleged that he had made an offer to pay to the appellees, holders of the certificate of sale, the amount they paid in the foreclosure sale. However, at the hearing conducted July 25, 1973, appellant testified that he did not have the money without borrowing it from someone else and that he had not tendered the money to any of the appellees or to the clerk of the trial court. Since the appellant did not comply with the provisions of section 18, *supra*, which require that the property be redeemed "by paying to the purchaser thereof" within 12 months of the date of the sale, we find that the appellant neglected to exercise his statutory right to redemption prior to the expiration of the full statutory period provided therefor.

■■■ Absent a showing that the *purchaser* has prevented redemption by fraud, oppression or improper act, we are unable to discover any justification for extension of the statutory period. (See *Skach v. Sykora*, 6 Ill.2d 215, 127 N.E.2d 453.) The only allegations of appellant's petitions, which he here contends show fraud was committed on the court to his detriment, were directed to the original plaintiffs' conduct in presenting the petition and order for distribution and were not directed to the purchasers-appellees. The alleged impropriety is insufficient to demonstrate that the purchasers-appellees prevent appellant from exercising his right to redemption within the statutory period. Consequently, we hold that the trial court properly denied his petition to extend the statutory period for redemption and his petition to cancel the deed issued at the expiration of the statutory period.

Accordingly, the order of the circuit court of Madison County is affirmed.

Order affirmed.

JONES, P. J., and CARTER, J., concur.