THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.* ROBERT H. CHAMBERS *et al.*, Defendants.—(MARTHA L. CHAMBERS, Petitioner-Appellee, *v.* GEORGE B. JAVARAS, Respondent-Appellant.)

First District (4th Division)    No. 79-1360

Opinion filed September 11, 1980.—Rehearing denied October 9, 1980.

Jeffrey M. Weston, of Chicago, for appellant.

Irvin J. Jacobson, of Chicago, for appellee.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Respondent, George B. Javaras (Javaras), appeals from an order of the circuit court of Cook County granting petitioner, Martha L. Chambers (Chambers), an extension of the statutory period of redemption within which to redeem her real property sold to Javaras pursuant to a decree of foreclosure and sale. (Ill. Rev. Stat. 1977, ch. 77, pars. 1, 10, 14.) Javaras contends it was legally impermissible for the trial court to extend the statutory period of redemption.

We affirm.

The record discloses that The Mutual Life Insurance Company of New York, the assignee of the mortgagee (mortgagee), instituted foreclosure proceedings against Chambers, the mortgagor.[1] The action sought recovery of the claimed indebtedness of $4,674.94 plus costs. On April 11, 1977, Chambers' attorney filed an appearance in the foreclosure action on behalf of Chambers. On October 21, 1977, Chambers, on her own behalf, filed an appearance in the proceedings.

On May 5, 1978, the mortgagee presented its motion to default the named defendants in the foreclosure action. The certificate of service of notice of the motion discloses that a copy of this motion to default was

---

[1] The action also was brought against Robert Chambers and unknown owners.

mailed to Chambers' home. It appears that no notice of the motion was sent to Chambers' attorney. Pursuant to the motion, the trial court, on May 5, 1978, entered its order defaulting the named defendants for their failure to plead. The complaint was taken as confessed against Chambers, and the trial court entered a decree of foreclosure and ordered the sale of the property and the distribution of the sale proceeds in accordance with section 22 of "An Act in regard to judgments * * *" (Ill. Rev. Stat. 1977, ch. 77, par. 22). The record fails to disclose that copies of the trial court's orders of default and foreclosure and sale were sent to Chambers or her attorney.

On June 20, 1978, pursuant to a sale conducted by the sheriff of Cook County, the property was sold to Javaras, the highest bidder, for $19,000. Thereafter, on June 30, 1978, the mortgagee presented its motion seeking the entry of an order by the trial court approving the sheriff's report of sale and distribution of proceeds. The record discloses that notice that this motion was to be presented to the trial court was sent to Chambers, but the record fails to disclose that notice of the motion was sent to her attorney. Neither Chambers nor her attorney appeared in response to the motion. The trial court, on June 30, 1978, approved the sheriff's report of sale and distribution and ordered the sheriff to issue a certificate of sale to Javaras.

On June 15, 1979, five days prior to the expiration of the one-year period of redemption, Chambers' attorney presented a verified petition seeking a vacation of the decree of foreclosure for inadequacy of consideration coupled with lack of notice and alternatively seeking an extension of the period of redemption. The petition alleged that Chambers was a disabled person, that she had received no notice of the proceedings resulting in the entry of the default order which violated section 50.1 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50.1),[2] and that the property had been sold for an inadequate price. Thereupon, Javaras filed a motion to dismiss Chambers' petition. The trial court then denied Javaras' motion to dismiss. Javaras insisted that the trial court forthwith decide the merits of Chambers' petition since any later evidentiary hearing would impermissibly extend the redemption period beyond June 20, 1979, its expiration date.

The court then ordered the redemption period extended from June 20, 1979, to July 31, 1979. On June 26, 1979, Javaras filed his notice of appeal contending that the order extending the statutory period of redemption was void as a matter of law, and that its entry was legally

---

[2] Section 50.1 provides that upon entry of an order of default, "the clerk shall immediately give notice thereof to each party who has appeared, against whom the order was entered, or his attorney of record." The failure of the clerk to give notice does not, however, impair the validity of the order. Ill. Rev. Stat. 1977, ch. 110, par. 50.1(1).

improper. On July 24, 1979, Chambers deposited with the sheriff of Cook County the sum necessary to redeem the property from the foreclosure.

OPINION

I

The statutory period of redemption from the foreclosure sale of property encumbered by a mortgage executed prior to August 7, 1961, is 12 months after the date of the foreclosure sale. (Ill. Rev. Stat. 1977, ch. 77, par. 18.) The aim of the redemption statute is to grant the debtor time and an opportunity within which to obtain financial resources in order to pay the indebtedness and thus avoid the loss of his property.

> "The statutes are not intended to take the landowner's property unjustly or for an inadequate consideration. They are not intended to penalize the debtor for his default nor to reward the purchaser by unjust enrichment above the amount of his debt at the expense of the landowner and his other creditors." *Skach v. Sykora* (1955), 6 Ill. 2d 215, 221, 127 N.E.2d 453, 456.

Chambers urges that in view of the purpose of the redemption statute, we should uphold the trial court's liberal construction of the redemption statute allowing for an extension of the redemption period since such construction would not result in injury to Javaras. Chambers particularly urges that the extension was proper because her petition for extension was filed before the statutory time period had run and before the sheriff's deed had issued to Javaras.

Our supreme court has held that although redemption is a statutory privilege which is to be exercised in substantial compliance with the statute, it is nevertheless looked upon with favor, and unless injury is to result to the purchaser at a sale (Javaras), a liberal construction will be given to the redemption laws. (*Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453; *Mohr v. Sibthorp* (1946), 395 Ill. 418, 69 N.E.2d 487; *Hruby v. Steinman* (1940), 374 Ill. 465, 30 N.E.2d 7.) Thus, to determine whether liberal construction of the redemption laws will result in injury to a purchaser of property at a foreclosure sale, it is first necessary to examine the status of the purchaser vis a vis the status of the mortgagor.

■■ ■ A purchaser at a mortgage foreclosure sale buys the property subject to the mortgagor's statutory right of redemption. (*Illinois National Bank v. Gwinn* (1945), 390 Ill. 345, 61 N.E.2d 249.) After foreclosure of a mortgage and until delivery of the deed under the foreclosure sale, the purchaser acquires no title to the land, either legal or equitable. Rather, title to land sold under a mortgage foreclosure remains in the mortgagor until the expiration of the redemption period and conveyance of the deed to the purchaser at the sale. (*Kling v. Ghilarducci* (1954), 3 Ill. 2d 454, 121 N.E.2d 752; *Klein v. Mangan* (1938), 369 Ill. 645, 17 N.E.2d 958.) Upon

redemption, the purchaser is entitled to the costs and interest on his investment. (*Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453.) As the *Skach* court explained:

> "The statute contemplates redemption where the value of the property exceeds the sale price. The purchaser knows this when he makes his bid, whether he is the mortgagee or a stranger, and when he is repaid all that the statute allows upon redemption, that is all he is either legally or equitably entitled to receive. As was said in *Hruby v. Steinman*, 374 Ill. 465, citing *Phillips v. Demoss*, 14 Ill. 410, 'That he [the purchaser] may be deprived of a deed will not avail him, as his right to the land is no higher or more sacred than to the redemption money, and the statute holds out no inducements for a speculation at a sheriff's sale, beyond the interest provided for the use of the purchase money.' These being the purposes of a redemption statute a court of equity would not be justified in attaching a rigidity to its language which carries it beyond that purpose to work inequities." 6 Ill. 2d 215, 221-22, 127 N.E.2d 453, 456.

In view of these principles, we conclude the trial court here was correct in liberally construing the redemption statute. Javaras held only a certificate of sale and was not vested with any title to the Chambers' property at the time the court extended the redemption period. Thus, at the time the petition was granted, Javaras was entitled only to his investment plus costs and interest if Chambers redeemed her property.

Our review of the record fails to disclose that Javaras was injured by the trial court's liberal construction of the redemption law. (See *Stein v. Olsen* (1975), 26 Ill. App. 3d 858, 326 N.E.2d 176.) As this court noted in *Stein*, the doctrine of caveat emptor applies to such sales,[3] and the fact of Chambers' subsequent redemption was a risk Javaras assumed when he sought to purchase the sheriff's deed to the property.

Javaras argues that the trial court had no jurisdiction to extend the statutory period of redemption. We disagree.

■■ Although redemption is a statutory privilege which is to be exercised in substantial compliance with the statute, a court of equity has jurisdiction to extend the statutory period of redemption after the time for redemption has expired. (*Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267; *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 187, 307 N.E.2d 673, 678.) It logically follows that a court of equity would have the jurisdiction to extend the time for redemption, upon proper notice and motion presented for ruling

---

[3] Although *Stein* involved a redemption of tax forfeited land, its principles apply with equal force to the instant case. *Skach v. Sykora* (1955), 6 Ill. 2d 215, 223-24, 127 N.E.2d 453, 457.

prior to the expiration of the redemption period. The issue here is not whether the trial court had jurisdiction to extend the redemption period, as Javaras contends, but rather whether the trial court erroneously did so. See *Schwind v. Mattson* (1974), 17 Ill. App. 3d 182, 307 N.E.2d 673.

■■ A court of equity may allow redemption after the statutory time period has expired where fraud, mistake, or other infirmity on the part of the purchaser or a public official prevented redemption within the time prescribed by statute. (*Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267; see also *Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453; *Arnold v. Gebhardt* (1979), ___ Colo. App. ___, 604 P.2d 1192.) Equitable extension also is warranted when property is sold for an inadequate price coupled with circumstances indicating unfairness. *Block v. Hooper* (1925), 318 Ill. 182, 149 N.E. 21; cf. *Haworth v. Taylor* (1884), 108 Ill. 275; *Hamilton v. Quimby* (1867), 46 Ill. 90; *Dutcher v. Leake* (1867), 44 Ill. 398; see also *Joseph Davis, Cory & Co. v. Chicago Dock Co.* (1889), 129 Ill. 180.

Because the sale of one's property to pay the mortgage debt is a drastic remedy, the provisions of the law by which it is brought about must be strictly complied with, and, where this is not done, and the sale price is inadequate, courts will allow redemption upon equitable terms even after the period of redemption has expired. (*Mohr v. Sibthorp* (1946), 395 Ill. 418, 69 N.E.2d 487.) Chambers argues that the facts alleged in her verified petition were sufficient grounds to allow equitable extension of the redemption period. These facts, she asserts, included circumstances of unfairness coupled with inadequacy of price.

The verified petition for extension, filed by Chambers' attorney, alleged that Chambers was a disabled person as defined by section 11—2(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1977, ch. 110½, par. 11—2(a)).[4] Chambers was described as being unable to communicate with her attorney. She refused to answer his telephone messages, and she would not respond to his letters or accept his personal calls to her home. The petition also set forth that because of Chambers' continuing disability, she had failed to pursue her claim in her father's estate.

Chambers' attorney also contended that notices of proceedings in the foreclosure action were not given to him although his appearance was on file. Chambers' verified petition also set forth that the reasonable value of the property at the time of the sheriff's sale was $45,000 and that the sale price of $19,000 submitted by Javaras was grossly inadequate. The verified petition also stated that proceedings had been instituted to appoint a guardian for Chambers since she was unable to manage her

---

[4] This section defines an incompetent as "any person who because of insanity, mental illness, ° ° ° old age, ° ° °, or deterioration of mentality, is incapable of managing his person or estate." Ill. Rev. Stat. 1977, ch. 110½, par. 11—2(a).

affairs.[5] The petition further alleged that Chambers would suffer serious financial loss were she not granted the extended time to redeem and noted that balance due on the mortgage in default was less than $5,000.

Javaras' unverified motion to dismiss the verified petition filed on behalf of Chambers asserted that Chambers' petition was, in effect, an improper form of a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) and concluded that the trial court could not vacate the order of foreclosure and approval of the sheriff's sale. On appeal, and during oral argument, counsel for Chambers contended that Chambers' petition was not a section 72 petition, but a petition (complaint) in equity for an extension of the statutory redemption period. Javaras contends that, even so, the facts alleged in the petition are insufficient, as a matter of law, to form the basis for an equitable extension of the redemption period.

Javaras urges that since Chambers' counsel informed the court that he knew of the foreclosure and sale of the property almost six months before filing the petition for extension of time in which to redeem, lack of notice of the judgment of default did not prejudice Chambers and therefore an extension of time was not warranted. Javaras' argument, however, ignores counsel's additional representation to the court that he had been unable to contact Chambers because she refused to answer his letters and telephone calls. Thus, he was unable to ascertain the fact of her disability until just three weeks prior to filing the verified petition. As set forth in the petition, it was at this time that counsel for Chambers first learned from Chambers' neighbors that she rarely left her house, that she refused to answer knocks on her door, or pick up her mail, and that she lived much like a recluse.

Counsel also indicated to the court that he had spoken with Chambers' brother who admitted owing her $75,000 but Chambers had refused to accept payment of that sum. Counsel also stated that Chambers refused to allow counsel to perfect her rights in the substantial estate of her deceased father. Counsel urged the trial court to extend the redemption period so that he could be appointed Chambers' guardian, obtain the money owed her by her brother, and then redeem the subject property.

We believe the facts alleged in the petition, if proved, would be legally sufficient to warrant an equitable extension of the redemption period. The verified petition asserted that the subject property was sold for an inadequate price; it also set forth circumstances indicating unfairness toward the debtor; lack of notice to counsel and Chambers of the entry of the default judgment. When a court of equity determines that property at a foreclosure sale has been sold for a grossly inadequate price,

---

[5] In a separate proceeding on July 23, 1973, the chancery division appointed Chambers' attorney guardian of Chambers' estate and found she was incapable of managing her estate. In re Chambers, Docket No. 182 (filed June 15, 1979).

it may seize upon any circumstances indicating unfairness toward the debtor to set aside the sale. (See *Block v. Hooper* (1925), 318 Ill. 182; *McDaniel v. Wetzel* (1914), 264 Ill. 212.) Lack of adequate notice, coupled with inadequacy of price, also is sufficient for equitable extension of the redemption period. See *Metropolitan Life Insurance Co. v. Keefe* (1980), 86 Ill. App. 3d 48; see also *Block v. Hooper* (1925), 318 Ill. 182; *McDaniel v. Wetzel* (1914), 264 Ill. 212; *Davis v. Chicago Dock Co.* (1889), 129 Ill. 180; *Hamilton v. Quimby* (1867), 46 Ill. 90; *cf. Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; *Carlstedt v. Kaufmann* (1970), 119 Ill. App. 2d 322, 256 N.E.2d 146.

While it is true that the record discloses that notice of the motion of default and motion for court approval of the sale were sent to Chambers (but not to her counsel), we cannot say such notice was legally sufficient in view of Chambers' alleged mental impairment.[6]

Respondent argues that according to *Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453, neither minors nor persons suffering from mental disability are permitted to redeem after the statutory period for redemption has expired simply because they were disabled or they were minors during the original period of redemption. While this is a correct statement of the principle enunciated in *Skach*, we do not believe our supreme court intended to say that mental disability or minority could not be a *factor* considered by courts of equity in deciding to extend the redemption period (see, *e.g., Dutcher v. Leake* (1867), 44 Ill. 398; see also *Palmer v. Douglas* (1883), 107 Ill. 204)[7] or in evaluating the inadequacy of notice of the proceedings.

We note that Chambers was not asserting mental disability alone as a

---

[6] Chambers was declared a disabled person on July 23, 1979, and counsel was appointed the guardian of her estate. The probate division found she was incapable of managing her estate and making financial decisions. (In re Martha Chambers, Docket No. 79-4191 (filed June 15, 1979.) At the time the extension to redeem was granted, the petition to have Chambers declared a disabled person was filed. Given this disability, it seems likely that even if she accepted her mail, she would not have understood the significance of the notice. In fact, in July 1980, David Gleicher, supervisor of judicial sales of the Cook County sheriff's office, instituted a new procedure whereby "a plain language letter" is sent to homeowners whose homes have been sold under court order. Gleicher stated that prior to this time, the homeowner only received a summons and even if the mortgagee was sent notice of the sale, it was "so full of legalese that it was incomprehensible to most non-lawyers." Press Release, Office of Richard J. Elrod, Cook County Sheriff, July 11, 1980.

[7] The *Skach* court cited 37 Am. Jur. *Mortgages* §843, (1941), and 5 Nichols, Illinois Civil Practice §5312 (1962) for this proposition. (6 Ill. 2d 215, 219, 127 N.E.2d 435, 455.) Nichols, in turn, relied upon *Wallace v. Monroe* (1887), 22 Ill. App. 602. There, the *only* facts relied upon for redemption were mental, physical, and financial disability, and the court refused to allow redemption after the original time period had expired. Am. Jur. cited *Lunberg v. Davidson* (1898), 72 Minn. 49, 74 N.W. 1018, for the same proposition. That case, however, stressed that a sale under a *power* was not a judicial proceeding or a personal action and therefore the "personal notice" given in that case was analogous to notice to a tenant to quit. Thus, the court distinguished a sale of property under a power from a judicial proceeding where "[c]ourts are very liberal in setting aside judgments against insane persons where the summons was served on them while under disability." 72 Minn. 49, 54, 74 N.W. 1018, 1019.

basis for extension of the redemption period *after* the period had expired as in *Wallace v. Monroe* (1887), 22 Ill. App. 602. Chambers' counsel filed the petition *before* the redemption period had expired. The filing of a petition for extension after the time period has expired, after the deed has issued, and not before the time period has expired, before the deed has issued, is a fact considered by some cases in denying equitable extension. See, *e.g., Federal Land Bank v. Droste* (1975), 26 Ill. App. 3d 256, 325 N.E.2d 37; *Wood v. First National Bank* (1943), 383 Ill. 515, 50 N.E.2d 830.

■■ Since a motion to dismiss admits facts well pleaded (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 187 N.E.2d 722) and the petition set forth facts which, if proved, could establish a sufficient claim for extension of the redemption period, the trial court correctly ruled against Javaras' motion to dismiss the petition. On appeal, Javaras does not dispute the correctness of this ruling, but rather argues that the extension was granted improperly because the facts alleged in the petition were not supported by evidentiary proof.

■■ We agree that prior to the trial court's determination of the merits of the petition, an evidentiary hearing should be held. When the trial court here attempted to set dates for an evidentiary hearing, however, Javaras insisted that the court decide the merits of the petition without further hearing, arguing that the statutory period would expire in five days. We need not decide what effect, if any, this conduct has upon the procedure utilized by the trial court in granting the extension. Even if the trial court erroneously granted the extension without hearing evidence, reversal is not required; Chambers had a right to rely on the trial court's decision to extend the period of redemption. (See *Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267.) In *Glen Ellyn*, the court noted that equity will give relief where fraud, mistake or other infirmity on the part of a purchaser or a public official prevented redemption within the time prescribed by the statute. Here, relying on the trial court's order, Chambers redeemed her property within that extension of time. We conclude that even if the trial court erroneously extended the redemption period without hearing evidence, the petitioner had a right to rely on the court's ruling and complete the redemption in the additional time granted. *Cf. Skach v. Sykora* (1955), 6 Ill. 2d 215, 127 N.E.2d 453; *Metropolitan Life Insurance Co. v. Keefe* (1980), 86 Ill. App. 3d 48.

For the reasons stated the decision of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and ROMITI, JJ., concur.